## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CARL FORSELL<br>d/b/a NONCE PTE., LTD.<br>8 ST. MARTIN DR., #03-21<br>SINGAPORE, 258005<br><br>    Plaintiff,<br><br>vs.<br><br>SQUIRRELS, LLC<br>C/O ANDREW GOULD<br>121 WILBUR DR. NE<br>NORTH CANTON, OH 44720<br><br><br>ALLMINE, INC.<br>C/O LEGALINC CORPORATE SERVICES, INC.<br>4965 US HWY 42, STE. 1000-34<br>LOUISVILLE, KY 40222<br>    Defendants. | Case No:<br><br>Judge: |

### COMPLAINT

NOW COMES Plaintiff, Carl Forsell (hereinafter 'Mr. Forsell'), by and through undersigned counsel, hereby sets forth its Complaint against Defendants Squirrels, LLC (hereinafter 'Squirrels') and Allmine, Inc. (hereinafter 'Allmine') and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Carl Forsell is an individual and resident of Singapore. He is the assignee of a claim possessed by Nonce Pte, Ltd, a Singapore-based firm involved in the processing and mining of cryptocurrencies, against Defendant Squirrels, LLC.

2. Defendant Squirrels, LLC is an Ohio LLC doing business in Ohio and internationally. Squirrels is a supplier/vendor of hardware associated with the processing and mining of cryptocurrencies.

3. Defendant Allmine, Inc. is a Kentucky corporation doing business in Kentucky and internationally through its online business known as 'FPGA Land'. Upon information and belief Allmine entered into a joint venture with Squirrels regarding the supply of hardware associated with the processing and mining of cryptocurrencies.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because the claim arises under the Constitution, laws, or treaties of the United States, specifically the United Nations Convention on Contracts for the International Sale of Goods (CISG). Additionally, this Court possesses diversity jurisdiction based upon the citizenship of the parties and the amount in controversy exceeding $75,000 in accordance with 28 U.S.C. §1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1), because a substantial part of the events, omissions, or parts of property giving rise to the claims asserted herein occurred within this judicial district.

6. Jurisdiction and venue are also proper under the Ohio Uniform Commercial Code ("UCC"), specifically Title 13 of the Ohio Revised Code.

## FACTUAL BACKGROUND
## ALL COUNTS

7. The allegations set forth in Paragraphs 1-6 are hereby realleged as if fully rewritten herein.

8. This matter arises out of a series of contracts between Mr. Forsell, acting through Nonce Ptd., Ltd, and Squirrels beginning in June 2018. The transactions involved a product known as 'BCU1525', which is a blockchain edition expansion board containing Field Programmable Gate Array coprocessors intended for the acceleration of algorithms used in the mining of cryptocurrencies.

9. Upon information and belief, Defendants Squirrels and Allmine entered into a joint venture regarding the fulfillment of orders for hardware involved in the processing and mining of cryptocurrencies, such as the 'BCU1525' product.

10. On or about June 7, 2018, Mr. Forsell placed an order through Allmine for a unit of the 'BCU1525' product, identified by Order # 1042. Mr. Forsell paid a total of $14,530.64 for the product. A true and accurate copy of the Order Summary for Order # 1042 is attached as **Exhibit A.**

11. On or about June 7, 2018, Mr. Forsell placed an additional order through Allmine for the 'BCU1525' product, identified by Order # 1076. Mr. Forsell paid a total of $14,530.64 for the product. A true and accurate copy of the Order Summary for Order # 1076 is attached as **Exhibit B.**

3

12. On or about June 7, 2018, Mr. Forsell placed an additional order through Allmine for the 'BCU1525' product, identified by Order # 1121. Mr. Forsell paid a total of $14,530.64 for the product. A true and accurate copy of the Order Summary for Order # 1121 is attached as **Exhibit C.**[1]

13. On or about June 8, 2018, Mr. Forsell placed an additional order through Allmine for the 'BCU1525' product, identified by Order # 1174. Mr. Forsell paid a total of $14,530.64 for the product. A true and accurate copy of the Order Summary for Order # 1174 is attached as **Exhibit D.**

14. On or about June 9, 2018, Mr. Forsell placed an additional order through Allmine for ten (10) units of the 'BCU1525' product, identified by Order # 1247. Mr. Forsell paid a total of $36,224.06 for the product. A true and accurate copy of the Order Summary for Order # 1247 is attached as **Exhibit E.**[2]

15. On or about June 13, 2018, Mr. Forsell placed an additional order through Allmine for ten (10) more units of the 'BCU1525' product, identified by Order # 1395. Mr. Forsell paid a total of $36,224.06 for the product. A true and accurate copy of the Order Summary for Order # 1395 is attached as **Exhibit F.**[3]

---

[1] Mr. Forsell paid for this order through 'Coinbase commerce' in the form of cryptocurrency, specifically Ethereum.
[2] Mr. Forsell also paid for this order through 'Coinbase commerce' in the form of cryptocurrency, specifically Ethereum.

[3] Mr. Forsell also paid for this order through 'Coinbase commerce' in the form of cryptocurrency, specifically Ethereum.

16. On or about June 13, 2018, Mr. Forsell placed an additional order through Allmine for fifty-two (52) more units of the 'BCU1525' product, identified by Order # 1405. Mr. Forsell paid a total of $187,973.09 for the product. A true and accurate copy of the Order Summary for Order # 1405 is attached as **Exhibit G.**

17. On or about June 13, 2018, Mr. Forsell placed an additional order through Allmine for thirty (30) more units of the 'BCU1525' product, identified by Order # 1406. Mr. Forsell paid a total of $108,410.80 for the product. A true and accurate copy of the Order Summary for Order # 1406 is attached as **Exhibit H.**

18. On or about June 18, 2018, Mr. Forsell placed an additional order through Allmine for nineteen (19) more units of the 'BCU1525' product, identified by Order # 1505. Mr. Forsell paid a total of $63,949.58 for the product. A true and accurate copy of the Order Summary for Order # 1505 is attached as **Exhibit I.**

19. On or about June 16, 2018, Mr. Forsell via email placed an order to Squirrels for the 'BCU1525' product. Squirrels issued invoice no. 00002860 for $67,000. On or about June 18, 2018, Mr. Forsell wired $67,000 to complete the transaction. A true and accurate copy of the Invoice and Wire Instruction are attached as **Exhibit J.**

20. On or about June 16, 2018, Mr. Forsell via email placed an order to Squirrels for additional units of the 'BCU1525' product. Squirrels issued invoice no. 00002865 for

5

$63,650. On or about June 18, 2018 Mr. Forsell wired $63,650 to complete the transaction. A true and accurate copy of the Invoice and Wire Instruction are attached as **Exhibit K.**

21. On or about June 27, 2018, Mr. Forsell via email placed an order to Squirrels for additional units of the 'BCU1525' product. Squirrels issued invoice no. 00002981 for $167,500. On or about June 28, 2018, Mr. Forsell wired $167,500 to complete the transaction. A true and accurate copy of the Invoice and Telegram are attached as **Exhibit L.**

22. On or about August, 6, 2018, Squirrels announced in a press release that the shipment of product units could be delayed until at least end of 2018 due to constraints in the supply of semiconductor components necessary to build the product units.

23. In light of this untimely delay, and with no indication of exactly how long the delay will be, on August 14, 2018 Mr. Forsell notified Squirrels, through Allmine, in writing of his request to cancel his orders and refund his money. Mr. Forsell's request to cancel the orders and refund his money was accepted in writing on August 17, 2018. A true and accurate copy of the email chain cancelling the transactions and acknowledgment and acceptance of the same is attached as **Exhibit M.**

24. Despite receiving assurances that his refunds were forthcoming, Mr. Forsell did not receive refunds of the funds paid, nor did he receive units of the 'BCU1525' product that he ordered and subsequently cancelled.

25. On or about April 9, 2019, Mr. Forsell and Squirrels ultimately agreed on the amount due and owing for the unfulfilled orders, which totals $774,373.60. A true and accurate copy of the email chain and spreadsheet evidencing the agreed upon amount due and owing is attached as **Exhibit N.**

26. In a subsequent legal proceeding[4], Squirrels' CEO admitted to the amount due and owing to Mr. Forsell for the unfulfilled orders and acknowledged that other customers who made similar orders during the timeframe Mr. Forsell made his orders subject to this action were in fact given refunds.

27. As of the date of this filing, Mr. Forsell has still not been refunded the outstanding amount due to him, despite Squirrels' agreement as to the due and owing amount. *See Apr. 9, 2019 email.*

**COUNT ONE**
**(Breach of Contract)**

28. Paragraphs 1-27 of the Complaint are hereby realleged as if fully rewritten herein.

---

[4] *In Re. Squirrels Research Labs, LLC,* United States Bankruptcy Court, Northern District of Ohio Case No. 21-61491. Defendant Squirrels, LLC, a separate and distinct entity from Squirrels Research Labs, LLC, is not a party to this bankruptcy proceeding.

29. In the United States, the CISG is a ratified treaty with the preemptive force of federal law. *See* U.S. Const., Art. VI (Supremacy Clause); *see also BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 336 (5th Cir. 2003) (the CISG creates a private right of action in federal court).

30. The CISG is a self-executing agreement between the United States and other signatories, including Singapore, that applies "to contracts for the sale of goods between parties whose places of business are in different States…when the States are Contracting States." CISG art.1, Apr. 11, 1980, 1489 U.N.T.S. 3.

31. As incorporated federal law, the CISG governs disputes so long as the parties have not elected to exclude its application. CISG art. 6. *See It's Intoxicating, Inc. v. Maritim Hotelgesellschft, mbH*, CIVIL ACTION NO. 3:11-2379 (M.D. Pa. Aug. 27, 2012).

32. At no point did the contracting parties in this matter affirmatively state that the CISG does not apply to this contract, so international law applies.

33. Pursuant to Article 11 of the CISG, a contract of sale "need not be concluded in or evidenced by writing and is not subject to any other requirement as to form. It may be proved by any means, including witnesses." CISG art. 11. This would include telecommunications or email correspondence. CISG art. 13.

34. Under CISG, a plaintiff must plead the traditional four elements of a breach of contract claim: formation, performance, breach and damages. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F.2d 919, 924 (N.D. Ill. 1999).

35. The Contracting Parties effectively entered into a contract for the sale of goods when Plaintiff initially placed an online order for the hardware, and for every subsequent transaction since June 7, 2018.

36. Mr. Forsell performed his obligation of supplying monetary funds in exchange for the hardware he ordered.

37. Upon Mr. Forsell's cancellation and request for a refund of his monies, Squirrels acknowledged and agreed to refund Mr. Forsell an amount totaling $774,373.60 in full, yet as of the date of this filing has failed to do so.

38. Squirrels has repeatedly and materially breached the contract entered into between Squirrels and Mr. Forsell by failing to refund the full outstanding balance owed to Mr. Forsell as agreed by the parties after several repeated attempts and communications spanning three (3) years.

39. As a direct, proximate and foreseeable result of the repeated and material beaches of contract as described above, Mr. Forsell has been damaged in an amount not presently

subject to precise calculation, but which is believed to be approximately $774,373.60 as agreed by the parties.

## COUNT TWO
## (Unjust Enrichment)

40. Paragraphs 1-38 of the Complaint are hereby realleged as if fully rewritten herein.

41. Pursuant to Article 84 of the CISG, "If the seller is bound to refund the price, he must also pay interest on it, from the date on which the price was paid."

42. Mr. Forsell has made payments to Squirrels of approximately $774,373.60 without receiving any equivalent value in return.

43. Squirrels received and has retained Mr. Forsell's payments without providing the equivalent value in return and thus possesses knowledge of the benefit.

44. Mr. Forsell has suffered and will continue to suffer damages as a result of Squirrels' failure to provide a refund of the monies owed to Mr. Forsell.

**WHEREFORE**, Plaintiff Forsell respectfully requests that this Court enter judgment jointly and severally against the Defendants as follows:

a. Declare that Defendants' actions and omissions complained of herein were in violation of the United Nations Convention on Contracts for the International Sale of Goods and regulations thereunder;

10

b. Award Plaintiff compensatory damages against Defendants jointly and severally in an amount not presently subject to precise calculation, but believed to be approximately $774,373.60, plus statutory post-judgment interest, subject to proof in an exact amount at trial;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his attorneys' fees, litigation expenses, and costs; and

e. Grant such further relief as this Court deems equitable and just.

Date: August 15, 2022

Respectfully submitted,

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com
*Attorneys for Plaintiff*