# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CARL FORSELL | ) | CASE NO. 5:22-cv-1454 |
| d/b/a NONCE PTE., LTD, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| SQUIRRELS, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On August 15, 2022, plaintiff Carl Forsell d/b/a Nonce Pte., Ltd. ("Forsell") initiated this action, alleging claims of breach of contract and unjust enrichment against defendant Squirrels, LLC ("Squirrels") and defendant Allmine, Inc. ("Allmine") (collectively, "defendants"). (Doc. No. 1 (Complaint).) Forsell alleges that he submitted several purchase orders to defendants for certain blockchain processor products but never received the products or his requested refunds. (Doc. No. 1 ¶¶ 8–9, 27.)

On September 6, 2022, Squirrels filed a motion for a more definite statement under Fed. R. Civ. P. 12(e). (Doc. No. 5.) Forsell filed an opposition. (Doc. No. 7.[1]) For the reasons set forth herein, Squirrels' motion for a more definite statement is DENIED.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(e) provides that

[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a

_____

[1] Squirrels did not file a reply to Forsell's September 20, 2022 opposition and the time to do so has now passed. L.R. 7.1(c).

responsive pleading and must point out the defects complained of and the details
desired.

Rule 8(a)(2) requires only notice pleading. *Leatherman v. Tarrant Cnty. Narcotics Intel. &
Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). A complaint
need only provide "a short and plain statement of the claim showing that the pleader is entitled to
relief." Fed. R. Civ. P. 8(a)(2). Thus, to satisfy the pleading requirements a plaintiff need only give
the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."
*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)
(quotation marks and citation omitted).

A motion for a more definite statement should not be used as a "substitute for discovery."
*Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005) (citing
*Innovative Digit. Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 989 (N.D. Ohio 1984)).
Accordingly, a "motion for more definite statement 'is designed to strike at unintelligibility rather
than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or
ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'"
*Schwable*, 2005 WL 2002360, at *1 (quoting *Scarbrough v. R–Way Furniture Co.*, 105 F.R.D. 90,
91 (E.D. Wis. 1985)); *see also Innovative Digital Equip., Inc*, 597 F. Supp. at 988 ("[A] motion
for more definite statement is only proper when a party is unable to determine the issues he must
meet.").

"Federal courts generally disfavor motions for more definite statements." *Fed. Ins. Co. v.
Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). "In view of the notice pleading standards of
Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions."
*Id.* (collecting cases). As the Supreme Court has noted, the simplified notice pleading standard of
Rule 8(a) relies on "liberal discovery rules and summary judgment motions" rather than on

technical forms of pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

## II.   DISCUSSION

Squirrels claims that it cannot answer Forsell's complaint because Forsell's complaint does not clearly identify the party with whom Squirrels allegedly entered into the contracts at issue. (Doc. No. 5-1, at 1[2] (Memorandum of Law).) Squirrels faults Forsell for naming himself as the only plaintiff but then alleging that "[h]e is the assignee of a claim possessed by Nonce Pte[.], Ltd[.]" ("Nonce") (Doc. No. 1 ¶ 1), and that he "act[ed] through Nonce" (*id.* ¶ 8), to enter into the at-issue contracts with the defendants. Squirrels also points out that the purchase orders attached to Forsell's complaint differ as to whether the identified purchaser is Forsell or Nonce. (Doc. No. 5-1, at 2 (citing Doc. No. 1, Exhibits J, K, and L).) Squirrels contends that these allegations make the complaint "unintelligible as it is unclear with whom [p]laintiff believes [d]efendants contracted." (*Id.*)

The complaint does allege that Forsell, "acting through Nonce," the company he purports to do business as, entered into a series of contracts with Squirrels, which gave rise to this suit. (Doc. No. 1 ¶ 8.) But, as Forsell points out in his opposition brief, Forsell then alleges 12 different instances when "Forsell placed an order" through either Allmine or Squirrels. (*Id.* ¶¶ 10–21*; see also* Doc. No. 7, at 2 (Opposition).) Forsell also alleges that he notified Squirrels, through Allmine, "of his request to cancel his orders and refund his money" because of shipment delays. (Doc. No. 1 ¶ 23.) Forsell alleges that Squirrels communicated directly with Forsell about his refund, which it agreed to give, and the amount of the refund. (*Id.* ¶¶ 23, 25.)  Finally, Forsell alleges that "[t]he

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

contracting parties effectively entered into a contact for the sale of goods when [p]laintiff [Forsell] initially placed an online order for the hardware, and for every subsequent transaction since June 7, 2018[]" (*id.* ¶ 35), and that "Squirrels has . . . breached the contract entered into between Squirrels and Mr. Forsell" (*id.* ¶ 38).

The Court finds that the complaint is not so vague or ambiguous to prevent Squirrels from responding to the complaint's allegations that Forsell entered into the at-issue contracts with Squirrels, which Squirrels then allegedly breached. (*Id.* ¶¶ 10–21, 23, 25.) Squirrels' motion appears to seek additional details rather than any clarity on unintelligible allegations. For example, Squirrels questions whether Forsell is legally separate from Nonce (Doc. No. 5-1, at 2 ("Nonce appears to be a separate legal entity from Carl Forsell")), whether Squirrels entered into any of the at-issue contracts with someone other than Forsell (*id.* (contending some allegations "imply[] that it was Nonce that contracted with [d]efendant")), and whether Forsell can legally recover for each of the at-issue contracts (*id.* ("Forsell asks to recover for every single transaction, regardless of the contracting buyer on that transaction.")). These are factual issues that speak to whether Forsell will prevail on his claim that Squirrels breached its contracts with him. Squirrels can explore these issues through discovery—not through a motion for a more definite statement. *Innovative Digital Equip., Inc.*, 597 F. Supp. at 989 ("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery."). In the end, it may be determined that some of the contracts were entered into by Nonce, and are not actionable by Forsell, but that is a matter for another day.

### III.     CONCLUSION

For the reasons set forth herein, defendant Squirrels' motion for a more definite statement is DENIED. (Doc. No. 5.) Squirrels shall have fourteen (14) days from the entry of this order to file an answer or otherwise respond to plaintiff's complaint.

**IT IS SO ORDERED**.

Dated: November 22, 2022

                                                  
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5