## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CARL FORSELL,** | ) | **CASE NO.  5:22-cv-01454-SL** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE LIOI** |
| | ) | |
| **v.** | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES OF DEFENDANT** |
| **SQUIRRELS LLC , et al.** | ) | **SQUIRRELS, LLC** |
| | ) | |
| **Defendants.** | ) | **Trial by jury demanded.** |

Defendant, Squirrels LLC, for its answer the allegations in the Complaint, would state as follows.

1. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraphs 1, 4, 5, 6, 10, 11, 12, 13, 14, 15, 16, 17, 18, 24, 29, 30, 31, 32, 33, 34, 36, 41 and therefore all the allegations in those paragraphs are denied.

2. In response to the allegations in paragraph 2, Squirrels LLC admits that it is an Ohio limited liability company that does business from Ohio with parties in the United States and other countries.  Defendant denies the remainder of the allegations in that paragraph.

3. In response to the allegations in paragraph 3, Defendant Squirrels LLC admits that Allmine, Inc. ("Allmine"), did business in Kentucky and internationally and that at times it used the name FPGA Land or variant thereof.  Defendant denies that it entered any business association with Allmine at any time.  Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in that paragraph, and therefore all the allegations in that paragraph are denied.

4. In response to the allegations in paragraph 7,  Squirrels LLC incorporates its responses to paragraphs 1 through 6 as if fully set forth herein.

5. Defendant denies the allegations in paragraphs 8, 9, 19, 20, 21, 22, 23, 25, 26, 37, 38, 39, 42, 43, and 44.

6. In response to the allegations in paragraph 27, Defendant Squirrels LLC denies that it had any agreement with Plaintiff whatsoever.  Defendant further denies that any email dated April 9, 2019 was attached to the Complaint. Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in that paragraph, and therefore all the allegations in that paragraph are denied.

7. In response to the allegations in paragraph 28,  Defendant Squirrels LLC incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

8. In response to the allegations in paragraph 35, Defendant Squirrels LLC denies that it had any contract with Plaintiff for anything including the sale of goods.  Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in that paragraph, and therefore all the allegations in that paragraph are denied.

9. In response to the allegations in paragraph 40,  Defendant Squirrels LLC incorporates its responses to paragraphs 1 through 39 as if fully set forth herein.

10. Defendant Squirrels LLC denies all allegations not specifically admitted herein.


**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to the claims in the Complaint:

1. Plaintiff has failed to join a necessary party or parties herein.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff or his assignor may have had a contract with Squirrels Research Labs, LLC ("SQRL"), an Ohio limited liability company that is presently the debtor in a pending bankruptcy matter in the United States Bankruptcy Court for the Northern District of Ohio, Case No. 21-69491. Plaintiff has apparently confused SQRL with the Defendant in this matter, Squirrels LLC. Any involvement of Defendant Squirrels LLC with Plaintiff or his assignor was as the disclosed agent of SQRL.

4. Plaintiff's claims are barred by the doctrine of judicial estoppel. Plaintiff made this same claim against SQRL in the SQRL bankruptcy for the entire amount sought here.

5. Plaintiff's claim is barred by the doctrine of waiver.

6. Plaintiff has failed to mitigate or minimize his damages.

7. Plaintiff's claim is barred by the doctrine of laches.

8. Plaintiff is not the real party in interest as to all or, or a portion of, the claims asserted herein.

9. Plaintiff's claims are barred by the doctrine of estoppel.

10. Plaintiff's claims are barred by the statute of frauds.

11. Plaintiff's claims are barred by the statute of limitations

WHEREFORE, having answered, Defendant Squirrels LLC demands that the Court dismiss the Complaint and tax costs to Plaintiff.

*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)
Milligan Pusateri Co., LPA
P.O. Box 35459
4684 Douglas Circle N.W.
Canton, Ohio 44735
Phone: (234) 209-9793
Fax: (330) 409-0249
Email:  jcooper@milliganpusateri.com

Counsel for Defendant Squirrels LLC


## **JURY DEMAND**

Defendant hereby demands a trial by jury on all issues presented herein.


*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)

### **PROOF OF SERVICE**

This will certify that a copy of the foregoing was served on the following by the method(s)

indicated below, on December 2, 2022:

Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com
Attorneys for Plaintiff
By First Class U.S. Mail and electronic mail


Christopher P. Finney (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
(513) 943-6669 (fax)
chris@finneylawfirm.com
Counsel for Defendant Allmine, Inc.
By First Class U.S. Mail and electronic mail


*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)