## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CARL FORSELL** | : | **Case No. 5:22-cv-01454-SL** |
| **d/b/a NONCE PTE., LTD,** | : | |
| | : | |
| **Plaintiff,** | : | **JUDGE SARA LIOI** |
| | : | |
| **-v-** | : | |
| | : | |
| **SQUIRRELS, LLC., et al.,** | : | |
| | : | **DEFENDANT ALLMINE, INC.'S FED.** |
| **Defendants.** | : | **R. CIV. P. 12(B)(6) MOTION TO** |
| | : | **DISMISS** |

Now comes Defendant Allmine, Inc. ("Allmine" or "Defendant") by and through the undersigned counsel, for its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Plaintiff Carl Forsell d/b/a Nonce PTE., LTD's ("Forsell" or "Plaintiff") failure to state a claim upon which relief can be granted against Allmine. For the reasons set forth in the Memorandum below, this Court should grant this motion and dismiss all claims against Allmine with prejudice.

## <u>MEMORANDUM</u>

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must presume the factual allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive dismissal, the complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine

1

whether the factual allegations plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## I.    FACTS AS ALLEGED IN THE COMPLAINT

Forsell has brought the within action against Allmine and Defendant Squirrels, LLC ("Squirrels") alleging two counts: breach of contract and unjust enrichment. (Complaint, ECF 1 ¶¶28-44.) The matters in the Complaint "…arise[] out of a series of contracts **between Mr. Forsell**, acting through Nonce Ptd., Ltd, **and Squirrels beginning** in June 2018." (Complaint, ECF 1 ¶8, emphasis added.) Forsell claims to have placed several orders for a product used in the mining of cryptocurrencies referred to as the "'BCU1525' product." (Complaint, ECF 1 ¶¶8, and 9-21.) Upon learning that Squirrels released a statement that the shipment of the BCU1525 product would be delayed, Forsell sought to cancel his orders and Squirrels agreed to a refund of the same. (Complaint, ECF 1 ¶22-23.) Forsell and Squirrels agreed that the amount due and owing for the unfulfilled orders was $774,373.60, however Forsell claims he was not refunded the outstanding amount, nor did he receive the BCU1525 product. (Complaint, ECF 1 ¶¶24-27.)

In his count for breach of contract, Forsell alleges that the "…Contracting Parties[1] effectively entered into a contract for the sale of goods when Plaintiff initially placed an online order for the hardware, and for every subsequent transaction since June 7, 2018." (Complaint, ECF 1 ¶35.) Forsell claims that Squirrels agreed to refund Forsell an amount totaling $774,373.60, yet has failed to do so. (Complaint, ECF 1 ¶37.) Forsell further alleges that:

> **Squirrels has repeatedly and materially breached the contract entered into between Squirrels and Mr. Forsell** by failing to refund the full outstanding

---

[1] Nowhere in the Complaint is "Contracting Parties" defined. On the face of the Complaint, it is not clear if the "Contracting Parties" are Forsell and Squirrels, or Forsell, Squirrels, and Allmine. (*See* Complaint, ECF 1.)

balance owed to Mr. Forsell as agreed by the parties after several repeated attempts and communications spanning three (3) years. As a direct, proximate and foreseeable result of the repeated and material b[r]eaches of contract as described above, Mr. Forsell has been damaged in an amount not presently subject to precise calculation, but which is approximately $774,373.60 as agreed by the parties.

(Complaint, ECF 1 ¶¶38-39, emphasis added.)

In his count for unjust enrichment, Forsell alleges that:

**Mr. Forsell has made payments to <u>Squirrels</u>** of approximately $774,373.60 without receiving any equivalent value in return. **<u>Squirrels</u> received and has retained Mr. Forsell's payments** without providing the equivalent value in return and thus possess knowledge of the benefit. **Mr. Forsell has suffered and will continue to suffer damages as a result of <u>Squirrels'</u> failure to provide a refund of the monies owed to by Mr. Forsell.**

(Complaint, ECF 1 ¶¶42-44, emphasis added.) As plainly obvious from the face of the factual allegations set forth by Forsell, Forsell does not make any specific claims of breach of contract or unjust enrichment against Allmine. (*See* Complaint, ECF 1.)

The allegations of the complaint related to Allmine in three ways. First, Forsell claims that "[u]pon information and belief, Defendant Squirrels and Allmine entered into a joint venture regarding the fulfillment of orders for hardware involved in the processing and mining of cryptocurrencies, such as the 'BCU1525' product." (Complaint, ECF 1 ¶9.) Second, Forsell claims that certain orders of the BCU1525 product were placed "through Allmine." (Complaint, ECF 1 ¶¶10-18.) Third, Forsell claims that he "…notified Squirrels, through Allmine, in writing of his request to cancel his orders and refund his money" and that this refund was "accepted." (Complaint, ECF 1 ¶23.)

## II.     LAW AND ARGUMENT

### a.  Breach of Contract Count

Under Ohio law, a breach of contract occurs when "…a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations;

3

the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." *Herhold v. Smith Land Co.,* 2019-Ohio-2418, ¶ 9 (Ct. App.) *citing Envision Waste Servs., LLC v. Cnty. Of Medina,* 2017-Ohio-351, ¶ 14, 83 N.E.3d 270. The Complaint generally agrees with these elements reciting the elements of a breach of contract claim as "formation, performance, breach and damages."

Forsell alleges that the contract at issue in this case was formed when he placed an order online on June 7, 2018 for the BCU1525 product, and each subsequent transaction. (Complaint, ECF 1 at ¶35.) Forsell alleges that some of the orders, including the June 7, 2018 order, was placed "through Allmine." (Complaint, ECF 1 ¶¶10-18.) Forsell fails plead any facts that show Allmine was a party to the alleged contract, he simply states that the contract was formed when he placed an order "through Allmine" but there is nothing to indicate in the Complaint that Allmine accepted the orders and agreed to supply Forsell with the BCU1525 product in exchange for payment. (*See* Complaint, ECF 1.)

Even if Forsell has alleged sufficient facts to show a contract was formed between Forsell and Allmine, he has failed to allege that Allmine breached the contract or that Forsell suffered damages caused by Allmine. (*See* Complaint, ECF 1.) Instead, all allegations of breach and damages are related to Squirrels failure to provide the BCU1525 product or refund the same to Forsell. (*See* Complaint, ECF 1 ¶¶38-39.)

Even assuming all the facts alleged in the Complaint are true, Forsell has failed to plead sufficient facts to establish a claim for breach of contract against Allmine. Therefore, the claim against Allmine should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**b. Unjust Enrichment Count**

Unjust enrichment confers a plaintiff a right to recover when the defendant has and retains money or benefits which in justice and equity belong the plaintiff. *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). The elements of unjust enrichment are:

> (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.

*Hubbard v. Dillingham*, 12th Dist. Butler No. CA2002-02-045, 2003-Ohio-1443, ¶ 25 *citing Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 Ohio B. 246, 465 N.E.2d 1298.

Forsell has not alleged that Allmine has received and retained a benefit from Forsell. (*See* Complaint, ECF 1.) All allegations of unjust enrichment are related to Squirrels. (Complaint, ECF 1 ¶¶42-44.) Even assuming all the facts alleged in the Complaint are true, Forsell has failed to plead sufficient facts to establish a claim for unjust enrichment against Allmine. Therefore, the claim against Allmine should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III.   CONCLUSION**

In conclusion, Forsell has failed to state any claim against Allmine for with relief may be granted. Therefore, Allmine respectfully requests that this Court dismiss all counts against Allmine with prejudice.

Respectfully submitted,

*/s/ Christopher P. Finney*
Christopher P. Finney (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
(513) 943-6669 (fax)
Chris@finneylawfirm.com
*Attorney for Defendant Allmine, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing has been served via electronic mail this 23rd day of December 2022 to all parties via the Courts Electronic Filing System.


*/s/ Christopher P. Finney*
Christopher P. Finney (0038998)