UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CARL FORSELL** | ) |
| | ) |
| | )    Case No: 22-cv-01454 |
| | ) |
| | )    Judge: Lioi |
| **Plaintiff,** | ) |
| vs. | ) |
| **SQUIRRELS, LLC, et al.** | ) |
| | ) |
| **Defendants.** | |

**PLAINTIFF'S MEMORANDUM CONTRA DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Carl Forsell (hereinafter 'Mr. Forsell), by and through undersigned counsel, hereby respectfully submits his Memorandum Contra to Defendant Allmine, Inc.'s (hereinafter 'Allmine') Motion to Dismiss for failure to state a claim upon which relief can be granted. Allmine is unable to meet its burden to prevail on a Motion to Dismiss for failure to state a claim pursuant to Fed. Civ. R. 12 (b) (6), as Mr. Forsell's Complaint and accompanying exhibits sufficiently set forth claims upon which relief can be granted against Allmine.

Specifically, Mr. Forsell plead all requisite elements of his breach of contract and unjust enrichment claims as to Allmine, such claims being based upon the alleged series of transactions involving Mr. Forsell ordering product and delivering payment **directly to Allmine** without having received the ordered product or a refund of funds paid. *See Pl's Complaint.* Mr. Forsell respectfully requests the Court find Allmine's Motion not well taken and deny the same, allowing his claims for relief against Allmine and co-defendant Squirrels, LLC to continue.

I.     **STANDARD OF REVIEW**

A Civ. R. 12 (b) (6) motion requires the examination of whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Factual allegations are plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). When determining whether a complaint is sufficient to survive a motion to dismiss, a court must "construe the complaint in a light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n,* 528 F. 3d 426, 430, 6th Cir. 2008, *citing Directv, Inc. v. Treesh,* 487 F. 3d 471, 476 (6th Cir. 2007). A court is permitted to consider the complaint and any exhibits attached thereto when reviewing a Fed. Civ. R. 12 (b) (6) motion. *See Bassett,* at 430.

II.     **THE FACE OF MR. FORSELL'S COMPLAINT AND ACCOMPANYING EXHIBITS SET FORTH PLAUSIBLE CLAIMS FOR RELIEF AGAINST ALLMINE**

    **A. BREACH OF CONTRACT**

As expressly alleged in the Complaint, the genesis of this action is a series of transactions in which Mr. Forsell ordered a product used in the mining of cryptocurrencies. *See Pl's Complaint,* at ¶8. Mr. Forsell ordered the product through email communications with Allmine, doing business as FPGA Land, as well as through Defendant Squirrels, LLC, who upon information and belief had a relevant business relationship with Allmine regarding the subject

transactions[1]. *See Id.,* at ¶3, 9. Specifically and of most significance, Mr. Forsell placed a total of nine (9) orders for the product through Allmine, each time paying Allmine the purchase price directly. *See Id.,* at ¶10-18; *See also Id.,* at **Exhibits A-I**. Through these nine (9) transactions, Allmine received directly from Mr. Forsell an amount totaling $490,904.15. *See Id.*

Unfortunately, Mr. Forsell did not receive the product that he paid for. Upon receiving notice that his orders were not going to be fulfilled, he notified Allmine directly of his intent to cancel his orders and requested a refund the amount paid for the product. *See Id.,* at ¶23; *See also Id.,* at **Exhibit M**. Allmine, through an email from Thomas Sensel, President of Allimne, accepts Mr. Forsell's request to cancel the subject transactions and indicates that a refund was forthcoming. *See Id.* These direct communications with Allmine form the basis of Mr. Forsell's causes of action set forth in his Complaint.

With this factual basis forming the backdrop of Mr. Forsell's causes of action, he pleads in his Complaint each element of his breach of contract claim against Allmine under Ohio law. *See RotoSolutions, Inc. v. Crane Plastics Siding, LLC,* 10th Dist. No. 13AP-1, 2013-Ohio-4343, at ¶16, ("RotoSolutions was not required to prove the elements of breach of contract at the pleading stage to support its claim…Rather, RotoSolutions merely had to plead the elements of a breach of contract claim, to wit the existence of a contract, performance by the plaintiff, a breach by the defendant, and damage or loss to the plaintiff.", [Internal citations omitted].

---

[1] At this point in the litigation Mr. Forsell is unclear the extent of which both entities are ultimately responsible for failing to deliver the ordered product and subsequent failure to refund the $774,373.60. The fact that both parties were paid a substantial amount of money warrant this collection action proceeding against them as co-defendants. The business relationship between Squirrels, LLC and Allmine shall be explored through the discovery process.

As expressly alleged, the contract was formed when Mr. Forsell placed his initial order for the subject product, which occurred directly through Allmine, as well as each subsequent order thereafter, for a total of nine (9) orders placed directly through Allmine. *See Id.,* at ¶35; *See also Id.,* at **Exhibits A-I.** Mr. Forsell performed his obligation by paying for each ordered product, $490,904.15 going directly to Allmine. *See Id.,* at ¶36; *See also Id.,* at **Exhibits A-I.** Mr. Forsell did not receive the ordered product, nor did he receive a refund of the funds paid, including those funds paid directly to Allmine, such inaction constituting the breach on the part of both named Defendants. *See Id.,* at ¶24, 37, 38. Mr. Forsell has been damaged as a result of having not received the ordered product or a refund of the funds paid for that product, including the almost half a million dollars paid directly to Allmine. *See Id.,* at ¶39. Therefore, based upon Mr. Forsell having plead each element of his breach of contract action with factual support, it is reasonable to infer that Allmine is liable to Mr. Forsell for the amount paid and not refunded. *See Ashcroft,* at 678.

### B. UNJUST ENRICHMENT

In the event a contract was not in fact formed between Mr. Forsell and Allmine by and through the series of transactions subject to this action, Mr. Forsell pleads facts sufficient to state a claim for unjust enrichment under Ohio law. *See Helton v. Fifth Third Bank,* 1ˢᵗ Dist. No. C-210451, 2022-Ohio-1023, at ¶25, ("to establish unjust enrichment, a plaintiff must show that (1) a benefit was conferred by the plaintiff upon the defendant; (2) the defendant had knowledge of the benefit; and (3) the benefit was retained by the defendant in circumstances where it would be unjust to do so without payment.", [Internal citations omitted]". Simply stated, the payment of $490,904.15 made by Mr. Forsell directly to Allmine that Allmine acknowledged receipt of and

has subsequently retained following the failure to deliver the ordered product, provides the factual basis for a plausible unjust enrichment claim against Allmine. *See Complaint,* at ¶10-18, 23; *See also Complaint,* at **Exhibits A-I, M.** Allmine cannot overcome the fact that it received funds directly from Mr. Forsell and subsequently informed Mr. Forsell that he would be receiving a refund of those funds, as evidenced by the four corners of the relevant exhibits attached to the Complaint. *See Id; See Bassett,* at 430.

Based upon Mr. Forsell's factual allegations in his Complaint, it is again reasonable to infer that Allmine is liable to Mr. Forsell for the amount of the funds paid directly to Allmine, i.e. the benefit conferred, received, and retained. *See Ashcroft,* at 678; *See also Helton,* at ¶25.

### III. CONCLUSION

Mr. Forsell has stated claims for breach of contract and unjust enrichment against Allmine based upon its order and payment of product made by Mr. Forsell directly to Allmine. It follows that Mr. Forsell respectfully requests this Court find Allmine's Motion to Dismiss for failure to state a claim not well taken and deny the same.

Respectfully submitted,

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX:  614-824-1120
tsooy@schuergerlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of January 2023, the forgoing Memorandum Contra was served via ordinary US mail and/or the Court's electronic filing system upon the following:

Jack B. Cooper, Esq
Milligan Pusateri Co., LPA
4684 Douglas Circle NW
Canton, OH 44735
*Attorney for Defendant Squirrels, LLC*

Christopher P. Finney
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Ste. 225
Cincinnati, OH 45245
*Attorney for Defendant Allmine, Inc.*

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (OBN 0087865)