**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **CARL FORSELL d/b/a NONCE PTE., LTD,** | : | **Case No. 5:22-cv-01454-SL** |
| **Plaintiff,** | : | **JUDGE SARA LIOI** |
| **-v-** | : | |
| **SQUIRRELS, LLC., et al.,** | : | |
| **Defendants.** | : | **DEFENDANT ALLMINE, INC.'S REPLY IN SUPPORT OF ITS FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS** |

Now comes Defendant Allmine, Inc. ("Allmine" or "Defendant") by and through the undersigned counsel, for its Reply in Support of Its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Plaintiff Carl Forsell d/b/a Nonce PTE., LTD's ("Forsell" or "Plaintiff") failure to state a claim upon which relief can be granted against Allmine (the "Motion to Dismiss.") For the reasons set forth in the Motion to Dismiss and Reply Memorandum below, this Court should grant this motion and dismiss all claims against Allmine with prejudice.

## REPLY MEMORANDUM

A complaint must contain sufficient facts to show that the plaintiff can state a claim against **each** defendant that is "plausible on its face." *Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, S.D.Ohio No. 2:19-cv-4262, 2021 U.S. Dist. LEXIS 40258, at *29 (Mar. 4, 2021) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Additionally, "once a claim has been stated adequately, it may be supported by showing any set of facts **consistent** with the allegations in the complaint." *Twombly*, 550 U.S. at 563, emphasis added.

As extensively set forth in the Motion to Dismiss, the allegations of the Complaint set forth a claim of breach of contract and unjust enrichment against Defendant Squirrels, LLC

("Squirrels,") not Allmine. (*See* Motion to Dismiss, ECF 15.) The allegations of the Complaint simply state that certain orders were placed "through Allmine" and that certain refunds were requested "through Allmine." (Complaint ¶¶10-18, 23, ECF 1) Plaintiff, in its Memorandum Contra Defendant's Motion to Dismiss (its "Response") argues that this Court should construe the elements of breach of contract and unjust enrichment, which were plead *only* against Squirrels, as also adequately plead against Allmine because of order receipts sent by sales@fpga.land attached to the Complaint as Exhibits A-I. (Response at 4-5, ECF 17.)

Despite Plaintiff's attempts to rely on its attachments to the Complaint as a way to create *inferences* that establish the elements of breach of contract and unjust enrichment, the attachments are inconsistent with the Complaint's allegations. The Response argues that a total of nine orders were placed through Allmine, as evidenced by Exhibits A-I, and that Plaintiff did not receive a refund of those orders. (Response at 4, ECF 17.) However, the email correspondence wherein "…Mr. Forsell and Squirrels ultimately agreed on the amount due and owing for the unfulfilled orders, which totals to $774,373.60" shows that the orders attached as Exhibits A and B, orders numbered 1042 and 1076 respectively, were refunded:

| grand_total | method | Previous order number | | |
|---|---|---|---|---|
| $ 14,530.60 | fpgaland | 1042 | #N/A | Refunded |
| $ 14,530.60 | fpgaland | 1076 | #N/A | Refunded |

(Complaint Exhibit N at 4, ECF 1-17) In fact, Exhibit N shows that many orders placed through "fpgaland" were refunded. *Id*. There are no allegations in the Complaint that *Allmine* failed to refund the Plaintiff's orders, the allegations of the Complaint are that Squirrels failed to refund the Plaintiff. (Complaint ¶27, ECF 1.) Additionally, Exhibit N of the Complaint states that money was sent to Allmine on two of the "smaller transfers" yet Plaintiff in its Response claims that it has

alleged half a million in damages through the "inferences" established by the Complaint's attachments. (*See* Complaint Exhibit N, ECF 1-17; *See* Response at 3, ECF 17.)

Even assuming the allegations of the Complaint are true, it has failed to allege each element of breach of contract and unjust enrichment against Allmine. Additionally, the attachments to the Complaint the Response attempts to rely on as establishing a reasonable inference of liability are inconsistent with the allegations of the Complaint. Furthermore, the inferences Plaintiff asks this Court and Allmine to make in its Response are not reasonable.

In conclusion, Plaintiff has failed to state any claim against Allmine for with relief may be granted. Therefore, Allmine respectfully requests that this Court dismiss all counts against Allmine with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Christopher P. Finney*
Christopher P. Finney (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
(513) 943-6669 (fax)
Chris@finneylawfirm.com
*Attorney for Defendant Allmine, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served via electronic mail this 3rd day of February 2023 to all parties via the Courts Electronic Filing System.

*/s/ Christopher P. Finney*______
Christopher P. Finney (0038998)