UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL FORSELL<br>d/b/a NONCE PTE., LTD, | )<br>)<br>)<br>) | CASE NO. 5:22-cv-1454 |
| PLAINTIFF, | )<br>) | JUDGE SARA LIOI |
| vs. | )<br>)<br>) | **MEMORANDUM OPINION<br>AND ORDER** |
| SQUIRRELS, LLC, et al., | )<br>)<br>) | |
| DEFENDANTS. | ) | |

Pending before the Court is the motion of defendant Allmine, Inc. ("Allmine") to dismiss the claims alleged against it in plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 15 (Motion).) Plaintiff Carl Forsell d/b/a Nonce Pte., Ltd. ("Forsell") filed an opposition (Doc. No. 17 (Opposition)), and Allmine filed a reply (Doc. No. 18 (Reply)). For the reasons set forth herein, Allmine's motion to dismiss is DENIED.

## I. BACKGROUND

Forsell initiated this action on August 15, 2022, alleging claims of breach of contract and unjust enrichment against defendant Squirrels, LLC ("Squirrels") and Allmine (collectively, "defendants"). (Doc. No. 1 (Complaint).) According to Forsell's complaint, Allmine and Squirrels "entered into a joint venture regarding the fulfillment of orders for hardware involved in the processing and mining of cryptocurrencies," including the relevant "BCU1525 product." (Doc. No. 1 ¶ 9 (internal quotation marks omitted).) Forsell alleges that he submitted several purchase orders to defendants for the BCU1525 product. Specifically, Forsell alleges that he "placed an order through Allmine" on nine separate occasions for a purchase of the BCU1525 product. (*Id.*

¶¶ 10–18.) Forsell attached purchase confirmations for these orders to the complaint. (Doc. Nos. 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12.) Each of these purchase confirmations either identifies Allmine as the sender of the purchase confirmation (*see, e.g.*, Doc. No. 1-4[1]), or identifies Allmine as the "Beneficiary Customer-Name" (*see, e.g.*, Doc. No. 1-10, at 4[2]). Forsell also alleges that he placed three additional orders "to Squirrels" for the BCU1525 product. (Doc. No. 1 ¶¶ 19–21.) Here, too, two of the three confirmations for these orders "to Squirrels" identify Allmine as the "Beneficiary Customer-Name." (Doc. No. 1-13, at 3; Doc. No. 1-14, at 3.)

Forsell alleges that he became aware of supply chain issues that might delay the shipments of the BCU1525 products he ordered. (*See* Doc. No. 1 ¶ 23.) Then, on August 14, 2018, he "notified Squirrels, through Allmine," of his request to cancel his orders and refund his money. (*Id.*) On August 17, 2018, Allmine acknowledged receipt of Forsell's request and asked for Forsell's "crypto address to refund" his purchases. (Doc. No. 1-16, at 2.) Forsell alleges, however, that "[d]espite receiving assurances that his refunds were forthcoming," he never received monetary refunds or shipment of the BCU1525 products that he ordered. (Doc. No. 1 ¶ 24.) Forsell then filed this action on August 15, 2022.

On December 23, 2022, Allmine filed the instant motion to dismiss. (Doc. No. 15.) On January 20, 2023, Forsell filed an opposition (Doc. No. 17), and on February 3, 2023, Allmine filed a reply (Doc. No. 18). This matter is now ripe for the Court's review.

---

[1] The purchase confirmations were sent from "FPGA Land," which Forsell contends is Allmine's business name. (Doc. No. 1 ¶ 3.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

## II. LEGAL STANDARD

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the sufficiency of the complaint is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a plaintiff to allege sufficient facts that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quotation marks and citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.1955, 167 L. Ed. 2d 929 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (second alteration in original)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 683.

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an

3

unadorned, the-defendant-unlawfully-harmed-me accusation"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations marks omitted) (emphasis in original), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).

## III. DISCUSSION

Forsell's complaint alleges two claims against each defendant: (1) breach of contract and (2) unjust enrichment. (Doc. No. 1 ¶¶ 28–39; 40–44.) Allmine insists that Forsell's complaint focuses only on his interactions and contracts with Squirrels, such that he has alleged his claims against Squirrels only and he has not alleged a breach of contract claim or an unjust enrichment claim against Allmine. (*See generally* Doc. No. 15.) The Court will address each claim in turn.

### A. Breach of Contract

Forsell's breach of contract claim is governed by the United Nations Convention on Contracts for the International Sale of Goods, Apr. 11, 1980, 1489 U.N.T.S. 3 (hereinafter the "CISG").[3] The CISG governs "contracts for the sale of goods between parties whose places of business are in different States" so long as both states are signatories to the CISG and the parties "have not elected to exclude its application." (Doc. No. 1 ¶¶ 30–31 (internal quotation marks omitted); *see also* CISG art. 1, 6.) Forsell has alleged that he operates his business in Singapore and both defendants are U.S. companies. (*Id.* ¶¶ 1–3.) Further, Forsell alleges that both the United

---

[3] The official English text of the CISG can be found at 52 Fed. Reg. 6262-01 (March 2, 1987), which contains the notice of ratification by the United States.

States and Singapore are signatories to the CISG and neither Forsell nor Allmine ever elected to exclude the CISG's application. (*Id.* ¶¶ 30, 32.) For these reasons, the Court finds that Forsell's breach of contract claim against Allmine is governed by the CISG.[4]

To establish his breach of contract claim against Allmine under the CISG, Forsell must plead (1) the existence of a contract; (2) his performance; (3) breach by Allmine; and (4) damage or loss he suffered. *Ningbo Yang Voyage Textiles Co. v. Sault Trading*, No. 18-cv-1961, 2019 WL 5399973, at *3 (E.D.N.Y. Sept. 10, 2019) (citing *Magellan Int'l Corp.*, 76 F. Supp. 2d. at 924)). Allmine concedes that Forsell has alleged the existence of several contracts for the purchase of BCU1525 products and Allmine does not appear to dispute that Forsell has alleged his performance related to those contracts. (*See* Doc. No. 15, at 4 (citing Doc. No. 1 ¶ 35).) Rather, Allmine contends that Forsell has failed to allege that any of those contracts included Allmine as a party or, alternatively, that Allmine breached any contract that resulted in a loss to Forsell. (*Id.* at 4.)

Contrary to Allmine's assertion, the complaint's allegations, including the documents attached thereto,[5] create a plausible inference that Allmine was a party to several purchase contracts at issue here. Forsell has alleged that he purchased the BCU1525 products through

---

[4] It its motion to dismiss, Allmine cites Ohio breach of contract law, but does not explicitly contend that the CISG does not govern this dispute. (*See* Doc. No. 15, at 3–4.) Then, confusingly, Forsell cites Ohio law in his opposition brief to Allmine's motion to dismiss. (*See* Doc. No. 17, at 3.) The CISG "can and does preempt state contract law to the extent that the state causes of action fall within the scope of the CISG." *Dongguan Beibei Toys Indus. Co. v. Underground Toys USA, LLC*, No. 19-cv-4993, 2020 WL 2065034, at *3 (C.D. Cal. Mar. 2, 2020) (quoting *Asante Tech., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1152 (N.D. Cal. 2001)) (further citations omitted). But, even if Ohio law did govern, the elements that must be alleged to establish a breach of contract under the CISG are the same as Ohio contract law—thus, the Court's analysis on this motion would be the same. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d. 919, 924 (N.D. Ill. 1999) ("[E]ven a brief glance at the [CISG's] structure confirms what common sense (and the common law) dictate as the universal elements of any such [breach of contract] action: formation, performance, breach and damages.").

[5] In assessing the sufficiency of a complaint on a motion brought under Fed. R. Civ. P. 12(b)(6), the Court may consider exhibits attached to the complaint. *Endless River Techs. LLC v. Trans Union LLC*, No. 1:18-cv-936, 2019 WL 13090252, at *1 (N.D. Ohio Aug. 14, 2019) (citing *Chester Cnty. Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Allmine on several occasions. (Doc. No. ¶¶ 10–18.) Specifically, Forsell communicated and received purchase confirmations directly from Allmine for nine purchases (Doc. Nos. 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12), and Allmine was named as the "beneficiary" on four purchases (Doc. No. 1-10, at 4; Doc. No. 1-11, at 4; Doc. No. 1-13, at 3; Doc. No. 1-14, at 3). *See* CISG, art. 18 ("A statement made by or other conduct of the offeree indicating assent to an offer is an acceptance."). Further, when looking to cancel and refund his purchase because of supply chain issues, Forsell alleges that he communicated with Allmine, who at least held out that they had the authority, and the ability, to accept his cancelation and to refund his purchases. (*See* Doc. No. 1-16.) *See* CISG, art. 72; ("If prior to the date for performance of the contract it is clear that one of the parties will commit a fundamental breach of contract, the other party may declare the contract avoided."); *see also id.*, art. 25 ("A breach of contract committed by one of the parties is fundamental if it results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract[.]"). For these reasons, the Court finds that Forsell has alleged sufficient facts to create a plausible inference that more than one contract existed between him and Allmine for his purchases of the BCU1525 product.

Forsell has also alleged sufficient facts to create a plausible inference that Allmine breached at least one of its contracts with Forsell, which caused Forsell to suffer a loss. Allmine contends that an attachment to Forsell's complaint negates any potential liability because the attachment suggests that some of Forsell's purchases through Allmine were refunded. (Doc. No. 18, at 2.) Forsell alleges that he made nine purchases through Allmine for orders numbered 1042, 1076, 1121, 1174, 1247, 1395, 1405, 1406, and 1505. (Doc. No. 1 ¶¶ 10–18.) Together, these nine orders totaled $490,904.15. (*See id.*) Of those nine orders, only two are indicated as "refunded" on the relevant attachment to the complaint: 1042 and 1076. (Doc. No. 1-17, at 3–4.) These two orders

6

totaled only $29,061.28. (*See* Doc. No. 1 ¶¶ 10–11.) Thus, the complaint alleges that Forsell paid another $461,842.87 to Allmine, which Forsell alleges remains outstanding despite Allmine's email to Forsell that both acknowledged his cancelation of the orders and indicated that a refund would issue. (*See* Doc. No. 1-16.) *See* CISG, art. 81 ("Avoidance of the contract releases both parties from their obligations under it[.] . . . A party who has performed the contract either wholly or in part may claim restitution from the other party of whatever the first party has supplied or paid under the contract."). Accordingly, the Court finds that Forsell has alleged sufficient facts to create a plausible inference that Allmine breached its contracts with Forsell, which caused Forsell to suffer a loss.

For all the reasons set forth above, Allmine's motion to dismiss Forsell's claim for breach of contract against it is denied.

### B. Unjust Enrichment

Forsell has alleged sufficient facts that allow his alterative claim of unjust enrichment to advance against Allmine at this stage of the proceedings. Unjust enrichment arises out of a contract implied in law. *Hummel v. Hummel*, 14 N.E.2d 923, 925–26 (Ohio 1938). A "contract implied in law" is not a true contract, but is a quasi-contract implied by a court when a party "retains money or benefits which in justice and equity belong to another." *Id.* at 926–27. Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery, such as a claim of unjust enrichment, when a contract governs the relationship. *Wolfer Enter., Inc. v. Overbrook Dev. Corp.*, 724 N.E.2d 1251, 1253 (Ohio Ct. App. 1999). A claim for unjust enrichment "may be pled in the alternative when the existence of an express contract is in dispute." *Res. Title Agency, Inc. v. Morreale Real Estate Servs., Inc.*, 314 F. Supp. 2d 763, 772 (N.D. Ohio 2004) (citations omitted). To plead an unjust enrichment claim, a plaintiff must allege "'(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit

by the defendant under circumstances where it would be unjust to do so without payment[.]'" *Hambleton v. R.G Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (quoting *Hummel*, 14 N.E.2d at 927).

Although Forsell makes no specific mention of Allmine in the complaint paragraphs falling under "Count Two (Unjust Enrichment)" (*see* Doc. No. 1 ¶¶ 40–44), the complaint and its exhibits together allege sufficient facts to suggest that, even if Allmine is not a party to the purchase contracts, Allmine (1) received some benefit from its role in the purchase orders when Forsell sent it money for nine purchase orders, (2) knew about that benefit, and (3) failed to refund all the money that it received after Forsell canceled his orders. Specifically, the complaint alleges that Forsell sent Allmine $490,904.15 between June 7, 2018, and June 18, 2018, for nine separate purchases of BCU1525 products. (*See* Doc. No. 1 ¶¶ 10–18.) The complaint further alleges that, on August 14, 2018, Forsell told Allmine he wanted to cancel those orders, Allmine acknowledged his cancelation and indicated that it would refund his money, but did not actually refund all, or at least some, of that money. (*See id.* ¶¶ 23–24; *see also* Doc. No. 1-16.) For these reasons, Allmine's motion to dismiss Forsell's alternative claim of unjust enrichment is denied.

## IV. CONCLUSION

For the reasons set forth herein, Allmine's motion to dismiss is DENIED.

**IT IS SO ORDERED**.

Dated: June 20, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**
**CHIEF JUDGE**