# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CARL FORSELL<br>d/b/a NONCE PTE., LTD, | : Case No. 5:22-cv-01454-SL<br>:<br>: |
| Plaintiff, | :<br>: JUDGE SARA LIOI<br>: |
| -v- | : MAGISTRATE JUDGE HENDERSON<br>: |
| SQUIRRELS, LLC., et al., | :<br>: |
| Defendants. | |

## PLAINTIFF CARL FORSELL, D/B/A NONCE PTE., LTD'S MOTION TO ADD PARTY AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES Plaintiff Carl Forsell, d/b/a Nonce PTE., LTD, by and through counsel and pursuant to Fed. Civ. R. 21; Fed. Civ. R. 15(a) (2); and this Court's Case Management Scheduling Order, hereby respectfully request this Court add David Stanfill in his individual capacity as a defendant in this action. *See Fed. Civ. R. 21; See also Fed. Civ. R. 15(a) (2); See also Case Management Conference Order,* Aug. 14, 2023, ECF 25. The facts, circumstances, and legal authority for this request are more fully set forth in the accompanying Memorandum in Support. In conjunction with the filing of this Motion, Plaintiff has also filed an Amended Complaint. *See Pl's Amended Complaint.*

Respectfully submitted,

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
Schuerger Law Group
1101 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com

*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

### I. FACTS AND PROCEDURAL HISTORY

The genesis of this action is a series of transactions between Plaintiff Carl Forsell (hereinafter 'Mr. Forsell') and Defendant Allmine, Inc. and Defendant Squirrels, LLC (hereinafter 'Squirrels'). Mr. Forsell ordered and paid for a product that he ultimately did not receive. *See Pl's Complaint,* Aug. 15, 2022, ECF 1. Mr. Forsell also did not receive a refund of the funds paid for the product. *See Id.* As agreed by Squirrels, Mr. Forsell is owed a total of $774,373.60. *See Id.,* at ¶25.

At the time the transactions subject to this lawsuit were entered in to, David Stanfill (hereinafter 'Mr. Stanfill') was the President and CEO of Squirrels. Upon information and belief, Mr. Stanfill was the recipient of transfers from Squirrels, including funds owed to Mr. Forsell following the subject transactions. It follows that Mr. Forsell seeks to add Mr. Stanfill to this action for the purpose of setting forth a cause of action under Ohio's Uniform Fraudulent Transfer Act, O.R.C. §1336.01 *et seq.* against him. *See O.R.C. §1336.01 et seq.; See also Fed. Civ. R. 21; See also Fed. Civ. R. 15(a) (2).*

### II. LAW AND ANALYSIS

Rule 21 of the Federal Rules of Civil Procedure states in relevant part that "on motion or on its own, the court may at any time, on just terms, add or drop a party." *Fed. Civ. R. 21.* Fed. Civ. R. 15(a) (2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Civ. R. 15(a) (2).* "In the absence of any apparent or declared reason-such as undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Obergefell v. Firelands Regional Medical Center, et al.*, N.D.O.H. case no. 20-cv-2579, Mar. 31, 2023, *citing Forman v. Davis*, 371 U.S. 178, 182 (1962). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L.P. Gas, Inc.*, 486 F. 2d 479,484 (6th Cir. 1973).

Mr. Forsell contends that none of the "declared reason(s)" are present in his request to add Mr. Stanfill to this action. *See Id.; See also Forman,* at 182. Additionally, and of upmost significance, this Court's Case Management Conference Order expressly permits the joining of parties and amendment of pleadings on or before March 31, 2024. *See Case Management Conference Order.* It follows that the filing of Mr. Forsell's Motion to Add Mr. Stanfill as a party to this case and Request for Leave to file an Amended Complaint at this time are appropriate under the law as well as the Court's case schedule. *See Id.; See also Fed. Civ. R. 21; See also Fed. Civ. R. 15(a) (2).*

### III. CONCLUSION

For the reasons set forth herein, Plaintiff Carl Forsell respectfully requests this Court add David Stanfill in his individual capacity as a party defendant in this case. Additionally, Mr. Forsell respectfully requests this Court grant leave to file an Amended Complaint for the purpose of adding a cause of action specifically against Mr. Stanfill related to the transactions that are the

subject of this action. In conjunction with the filing of this Motion, Mr. Forsell has also filed an Amended Complaint. *See Pl's Amended Complaint.*

Respectfully submitted,

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
Schuerger Law Group
1101 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, the forgoing was served via electronic mail and/or the Court's electronic filing system upon the following:

Jack B. Cooper, Esq
Milligan Pusateri Co., LPA
4684 Douglas Circle NW
Canton, OH 44735
*Attorney for Defendant Squirrels, LLC*

Christopher P. Finney, Esq.
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Ste. 225
Cincinnati, OH 45245
*Attorney for Defendant Allmine, Inc.*

/s/- Thomas L. Sooy, Esq.