# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

Carl Forsell

Plaintiff(s),

-vs-

Squirrels, LLC, et al.

Defendant(s).

Magistrate Judge Carmen E. Henderson

CASE NO.: 5:22-cv-01454

## NOTICE OF DESIGNATION OF MEDIATOR

Pursuant to Local Rule 16.6(c)(2), the following individual is designated as the Mediator in the aforementioned case:

Alan Kopit

Scheduling the Mediation Conference

In conjunction with Local Rule 16.6(c)(3), the Mediator shall contact counsel and/or the parties to conduct the initial mediation conference no later than Jun 28, 2024. The Mediator must electronically file written notice which sets forth the date, time, and location of the mediation conference. If counsel and/or parties fail to receive communication from the Mediator, they are instructed to contact the Mediator directly to schedule the initial mediation conference.

Pursuant to Local Rule 16.6(c)(4), requests for postponement of a mediation must be filed electronically for consideration. Any such requests must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

Compensation of Mediator

Pursuant to Local Rule 16.4.(d)(3), for orders of referral to mediation occurring **prior** to December 1, 2018:

(A) The maximum hourly rate that may be charged by the panelist for court-annexed services shall be $275.00 per hour. Unless otherwise agreed, the panelist's charge shall be split equally between the plaintiffs and defendants.

(B) No compensation shall be provided for preparation time.

(C) If the court determines that a party does not have the financial resources to pay the panelist's charge, the court may assign a panelist who will provide four and one-half (4 ½) hours of neutral service, in addition to any necessary preparation time, without charge. No panelist will be required to provide more than four and one-half (4 ½) hours of free service per year.

Pursuant to Local Rule 16.4.(d)(3), for orders of referral to mediation occurring **after** December 1, 2018:

(A) Panelists shall not charge for the first six (6) hours of service provided in court-annexed alternative dispute resolution procedures. Preparation time shall be included in this commitment.

(B) If more than six (6) hours of service are required, the panelist may request compensation for hours in excess of six (6), should they wish to do so. The maximum hourly rate that may be charged by the panelist for court-annexed services shall be $275.00 per hour. Unless otherwise agreed, the panelist's charge shall be split equally between the plaintiffs and the defendants.

All statements for compensation of neutral services must be prepared and submitted by the neutral to all counsel/parties. The court will not prepare or collect such fees on behalf of the neutral.

Attendance at Mediation Conference(s)

Attendance of lead counsel and their respective clients is mandatory pursuant to Local Rule 16.6(f). Counsel and the parties should refer to Local Rule 16.6(f) which specifically identifies who shall attend mediation conferences. In addition to counsel who will try the case being present, a person with full settlement authority must likewise be present for all scheduled mediation conferences. This requires the presence of clients, or, if a corporate entity, an authorized representative who is not a lawyer who has entered an appearance in the case. For a defendant, such representative must have final settlement authority to commit the corporate entity to pay, in the representative's discretion, an amount which is agreed upon by all parties. For a plaintiff, such representative must have final authority, in the representative's discretion, to authorize dismissal of the case, with prejudice, or to accept a settlement proposal.

Counsel appearing without their clients (whether or not you have been given settlement authority) will cause the conference to be canceled and rescheduled within the time frames previously outlined herein. It is suggested that the Mediator, counsel and the parties arrive at least twenty (20) minutes prior to the commencement of the mediation conference. No party may be excused from attending a scheduled mediation conference without prior consent of the Court. Requests for any party to attend via teleconference must be electronically filed and approved by the Court.

Submission of Mediation Memoranda

Pursuant to Local Rule 16.6.(e), counsel of record shall submit to the Mediator a written mediation memorandum five days prior to the scheduled mediation conference. While this rule does not require counsel to do so, counsel are encouraged to serve upon all counsel a copy of the written mediation memorandum.

-3-

Submission of Mediation Memoranda (con't.)

The mediation memorandum shall consist of the following:

>   (1) State the legal/factual position of each party with respect to all issues in dispute;
>
>   (2) Copies of all relevant pleading and motions;
>
>   (3) Such other material as each party believes would be beneficial to the Mediator and
>
>   (4) The Mediator may, upon reviewing all such material, at his or her discretion or motion of the parties, schedule a preliminary meeting with counsel.

Pursuant to Local Rule 16.6(e)(3), mediation memoranda shall not be presented for filing nor shall they be shown to the Court. The Mediator shall refer to Local Rule 16.6(g) for direction concerning procedures at a mediation conference.

Reporting Process

Upon conclusion of the initial mediation conference, the Mediator shall promptly prepare and **manually file** one copy of the Report of Mediator with the ADR Department on or before Jul 12, 2024. DO NOT FILE THE REPORT OF MEDIATOR ELECTRONICALLY. The Report of Mediator Form is attached to the Notice of Designation of Mediator. The Report of Mediator form shall include:

>   (1) If settlement is reached: A written report which reflects that settlement was achieved as a result of said mediation conference. The report shall include a date certain by which a dismissal entry will be filed by counsel with the Court; or
>
>   (2) If settlement is not reached: a written report which reflects the mediation was held, any agreements reached by the parties, and the Mediator's recommendation, if any, as to future processing of the case.

If after conducting the initial mediation conference, the Mediator determines that an additional conference is necessary, the Mediator shall schedule said conference and provide written notice to counsel, the parties and the ADR Department as to the date, time, and location of said additional conference. See Local Rule 16.6(g).

<u>Confidentiality</u>

     Pursuant to Local Rule 16.6(h), the Mediator, Counsel, and the Parties are reminded that the entire mediation process is confidential. The Mediator, Counsel, and the Parties may not disclose to the Court or to a third party any information regarding the mediation, including the settlement agreement terms, unless ALL parties agree otherwise.

                              *s/Kathaleen McGrew*
                        ADR Administrator
                        (P) 216-357-7077
                        (F) 216-357-7086
                        (E) OHND_ADR@ohnd.uscourts.gov