*TO BE FILED MANUALLY WITH ADR DEPARTMENT*
*DO NOT TIME STAMP*

**Report Due Date:** Jul 12, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

Carl Forsell

Plaintiff(s),

-vs-

Squirrels, LLC, et al.

Defendant(s).

Magistrate Judge Carmen E. Henderson

CASE NO.: 5:22-cv-01454

### REPORT OF MEDIATOR

Instructions

This form is provided as a convenience to the Mediator. It is not meant to inhibit the Mediator from reporting the results of a Mediation conference in whatever manner is appropriate under the Local Rules. This form is intended to assist the ADR Department in the future processing of the case and is merely intended to serve as a checklist of the elements which need to be reported to the Court. The Report of Mediator will be maintained by the ADR Department and will not become part of the Court's permanent record.

This Report shall not contain confidential information unless counsel and/or parties consent to confidential information being disclosed to the Court. If more space is required, please attach additional pages to this Report.

This Report shall be filed manually with the Court's ADR Department. <u>Under no circumstances should this Report be filed using the Court's electronic filing system</u>. This Report can be manually filed with the Court's ADR Department using any of the following methods:

**U.S. Mail:** United States District Court, Attn.: ADR Department, 801 West Superior Avenue, Cleveland, Ohio 44113

**E-Mail**: OHND_ADR@OHND.uscourts.gov

**Facsimile**: (216) 357-7086

<u>Administrative</u>

1. Name, address, and telephone number of Mediator:

2. Date, time, and location of the mediation conference, and, if applicable, the date, time, and location of any <u>subsequent</u> mediation conferences:

3. Attorneys and parties in attendance at mediation conference:

   a. Were any attorneys or parties missing? If so, who and why?.

4. Did Plaintiff and Defense counsel submit the required Mediation Memoranda pursuant to Local Rule 16.6(e)? If no, please identify the party who failed to comply with Local Rule 16.6(e).

5. Had the Plaintiff and Defense counsel consulted with their clients as to the status of the case prior to the mediation conference?

<u>Reportable Results</u>

6. Was settlement achieved?

    ☐ YES            ☐ NO

    a. If settlement was reached with regard to SOME, but not all, issues/parties, please explain.

    b. If settlement was reached, when will a journal entry or dismissal entry be submitted to the Court? (NOTE: Unless there are extenuating circumstances, the dismissal entry should be submitted to the Court within 14 days. If the journal entry or dismissal entry will not be submitted to the Court within 14 days, please explain the extenuating circumstances)

7. If settlement was not reached:
    a. Have claims been narrowed: ☐ YES        ☐ NO
    Please explain:

    b. Please state any legal/factual stipulations agreed to by the parties:

    c. Have the parties agreed to dismiss any claims: ☐ YES        ☐ NO
    Please explain:

-3-

Reportable Results (Con't.)

d. Legal issues which may present an impasse:

e. Comments regarding anticipated discovery disputes, dispositive issues, discovery status, anticipated motion practice, etc.:

f. If the Court has set the discovery and motion deadlines, will the parties have difficulty in maintaining the schedule? Please explain:

g. Other observations/recommendations, including judicial action, required to move the case toward settlement or trial (e.g., pending dispositive motion, immediate settlement conference with judicial officers, etc.). Be specific as to the obligations of the parties. If the court agrees with this, it will become binding.

Duration and Preparation of Mediation Conference

Pursuant to Local Rule 16.4(d)(3)(A), neutral compensation is as follows:

 (A) Panelists shall not charge for the first six (6) hours of service provided in court annexed alternative dispute resolution procedures. Preparation time shall be included in this commitment.

 (B) If more than six (6) hours of service are required, the panelist may request compensation for hours in excess of six (6), should they wish to do so. The maximum hourly rate that may be charged by the panelist for court-annexed services shall be $275.00 per hour. Unless otherwise agreed, the panelist's charge shall be split equally between the plaintiffs and the defendants.

All statements for compensation of neutral services must be prepared and submitted by the neutrals to all counsel/parties. The court will not prepare or collect fees on behalf of the neutral.

8. Time Expended

 a. Duration of initial mediation conference: Hours _____ Minutes _____

 b. Preparation time: Hours _____ Minutes _____

 c. Duration of subsequent mediation conference: Hours _____ Minutes _____

9. Compensation Requested

 a. Initial mediation conference: Amount: _____

 b. Subsequent mediation conference: ☐ YES ☐ NO Amount: _____

  ☐ YES ☐ NO

Suggestions

10. Suggestions, if any, for improving the mediation process:

_____
Mediator

Dated:_____

-5-

<u>Consent to Disclosure of Confidential Information</u>

If confidential information is disclosed in this report, Counsel and/or Parties must complete the following consent form.

We, counsel and/or parties, have reviewed the within Report of Mediator and fully understand that the Report will be filed with the ADR Department and consent to its disclosure to the assigned judicial officer, if requested. We further consent to the disclosure of confidential information in the Report pursuant to Local Rule 16.6(h).

_____
Counsel for Plaintiff(s)


_____


_____


_____


_____
Counsel for Defendant(s)


_____


_____


_____

## SUGGESTIONS FOR CONDUCTING A
## MEDIATION CONFERENCE

### Prior to the Mediation conference

1. **Prepare** by reviewing Local Rule 16.6(e) and reading the written submissions of the parties.

2. **Contact** counsel to arrange for the Mediation conference to be scheduled within the time limits set by the Court.

3. **Instruct** counsel to meet with their clients to fully inform them of the status of the case prior to the Mediation conference, including any pending motions or open discovery issues.

### At the Mediation Conference

4. **Introductions**: Introduce yourself, counsel, and the parties and explain the mediation process at the mediation conference. Make clear to counsel and the parties that you are a settlement-facilitator, not a decision-maker. Explain that the mediation process is confidential and describe your role as the Mediator in the process.

Further, as provided by Local Rule 16.4(d)(3), the maximum hourly rate that may be charged by the panelist for court-annexed services shall be $275.00 per hour. Unless otherwise agreed, the panelist's charge shall be split equally between the plaintiffs and the defendants. **No compensation shall be provided for preparation time.** If the court determines that a party does not have the financial resources to pay the panelist's charge, the court may assign a panelist who will provide four and one half (4 ½) hours of neutral service, in addition to any necessary preparation time, without charge. No panelist will be required to provide more than four and one half (4 ½) hours of free service per year.

5. **Postponement of Conference**: Without leave of the court, neither the parties nor the neutral may modify the time allowed for completing an ADR process. Any requests to modify the original deadlines must be made in writing and filed electronically.

6. **Request presentations** of the case by the parties, beginning with the plaintiff. Encourage the parties themselves to speak if they wish. Minimize interruptions, including those of the Mediator, counsel and the parties. Allow venting of emotions but do not allow the conflict to get out of control or to deteriorate into personal attacks. At this stage, refrain from expressing judgments about the issues.

7. **Question** counsel and the parties to clarify issues and test the arguments.

8. **Identify** points of agreement and disagreement so that negotiations may build on the areas of agreement and attempt to resolve areas of disagreement. Help the parties to agree on a plan for exchanging information and conducting discovery which will enable them to prepare expeditiously for the resolution of the case by trial, settlement, or dispositive motion.

9. **Caucus** privately with each party and his or her counsel to discuss the costs of litigating the matter and to discuss the legal and factual issues candidly. Try to learn from that party and counsel what the party's interest are-- get a feel for what sort of settlement would be acceptable. Explain the confidentiality of the caucus. If something you learn in the caucus needs to be communicated to the other party, encourage the party to communicate such information or request specific permission to communicate the information yourself. Keep information learned in the caucus confidential unless you get specific permission to divulge it. Information about settlement positions is especially sensitive.

10. **Reconvene** the parties and assit them in exploring settlement. Try to keep discussions focused on future alternatives, not past wrongs. Encourage the parties to look realistically at the issue in disagreement and to discuss ways of resolving them. Encourage them to make proposals to each other. If that is not working, you may, with their permission, advance a proposal yourself. If a future mediation conference is necessary, schedule it and notify the ADR Department (in writing).

11. **Memorialize** any agreement which is reached. Be sure that the parties fully understand the terms to which they agreed and that they write out their agreement immediately, is possible.

12. **Conclude** the mediation conference by thanking the parties for their cooperation, whether or not an agreement was reached.

After the Mediation Conference

13. **Report** the results of the mediation conference to the ADR Department, including when a joint journal or dismissal entry will be submitted, if the case settled. **It is your responsibility to inform counsel and the parties that you will file a report with the Clerk's Office for transmission to the ADR Department. Keep in mind that the report shall not contain confidential information unless counsel and parties consent in writing to such disclosure.**

Questions

14. Questions concerning the Mediation program should be directed to the ADR Department at 216-357-7077.