# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CARL FORSELL** | : | **Case No. 5:22-cv-01454-SL** |
| **d/b/a NONCE PTE., LTD,** | : | |
| | : | |
| **Plaintiff,** | : | **JUDGE SARA LIOI** |
| | : | |
| -v- | : | **MAGISTRATE JUDGE HENDERSON** |
| | : | |
| **SQUIRRELS, LLC., et al.,** | : | |
| | : | |
| **Defendants.** | | |

### PLAINTIFF CARL FORSELL, D/B/A NONCE PTE., LTD'S FIRST COMBINED SET OF INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SQUIRRELS, LLC

Plaintiff Carl Forsell, d/b/a Nonce PTE, Ltd., by and through undersigned and pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, hereby respectfully serve the following set of Interrogatories, Requests for Production of Documents, and Requests for Admission on Defendant Squirrels, LLC to be answered under oath within thirty (30) days of service.

If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying the inability to answer the remainder, and state whatever information that is available concerning the unanswered portions. If the answer is qualified, please state the qualifications.

Defendant may mail true and accurate copies of all documents responsive to the Requests for Production to undersigned at the below address. Alternatively, Defendant may scan and email said documents to undersigned. Defendant is under a continuing duty to supplement its responses as further information or documents become available to it.

## INSTRUCTIONS

1.  All requested information that is reasonably calculated to lead to the discovery of admissible evidence and which is in the possession of the Defendant, its attorneys, investigators, agents, employees, or other representatives shall be divulged.

2.  Where an individual Interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

3.  A space has been provided on the form of Interrogatories for the response. In the event this space provided is not sufficient for the response to any of the questions, please attach a separate sheet of paper with the additional information.

4.  If an Interrogatory is objected to, the reasons for objection shall be stated in lieu of an answer, including citations to applicable legal authority forming the basis for said objection.

5.  In answering each Interrogatory, please identify each Document, communication, or act relied upon in the preparation of each answer; that forms all or part of the basis for that answer; corroborates the answer; and/or the substance of which forms all or part of the answer.

6.  If all of the information provided in an answer to all or a part of an Interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information provided is a matter of personal knowledge and each person who communicated to the affiant any part of the information provided.

7.  In lieu of identifying any Document that provides the basis for an answer to an Interrogatory, the affiant may attach a true and accurate copy of such Document or communication as an Exhibit to the answers to these Interrogatories along with an explicit reference to the document in the applicable answer.

8.  In the event that an Interrogatory cannot be answered in full after exercising due diligence to obtain the information, please identify all individuals who may have additional knowledge or information concerning the subject of the Interrogatory.

9.  Each of the following Interrogatories is to be regarded as continuing to the extent permitted under the Federal Rules of Civil Procedure. If, subsequent to serving an answer to any Interrogatory and prior to the trial of this action, additional information is obtained pertaining to an Interrogatory, a supplemental sworn answer setting forth such information shall be served.

10. If an Interrogatory or a portion thereof is objected to on the grounds that it requests information that is privileged or falls within the attorney work-product doctrine; please

state the nature of the privilege or doctrine to which Defendant claims is applicable. If the objection refers to information contained in a Document, please identify the Document, all parties known to the affiant who have seen the Document, and the subject matter of the Document. If the objection refers to an oral communication, please identify the circumstances surrounding the communication.

11. The identification of any Document should be with sufficient particularity to meet the requirements for its inclusion in a Request for Production of Documents, pursuant to Fed. Civ. R. 34.

12. As used herein, the singular shall include the plural and the plural shall include the singular.

13. Pursuant to Rule 26 (E) of the Federal Rules of Civil Procedure, please comply with the continuing duty to supplement all responses throughout the course of this Lawsuit.

14. No demand for production should be interpreted as an implicit or explicit restriction on any other demand. If still in existence, original documents should be produced and if not, any copies in existence should be produced.

15. All requested documents are to be produced which are in the possession of Defendant, its attorneys, brokers, investigators, agents, employees, or other representatives. Documents shall be produced as they are kept in the usual course of business.

16. For requested documents no longer in possession of Defendant or its aforementioned representatives, with respect to each such document; describe the nature of the document; state the date of the execution of the document; identify the persons who sent and received the original and copies of the document; state in as much detail as possible the contents of the document; and state the manner and date of disposition of the document.

17. If any document requested cannot be produced in full, please produce the document to the extent possible and specify in writing the reasons for the inability to produce the document in its entirety.

18. If the production of any Document is objected to on the grounds that it is privileged or subject to the attorney work product doctrine, please state the nature of the privilege or doctrine to which Defendant claims is applicable, including citations to legal authority forming the basis for said privilege or doctrine. A 'privilege log' identifying the document, its date, its author, and the recipient(s) of the Document shall be produced in lieu of the actual Document.

19. If any of the information requested is objected to on the grounds that the information requested is overly broad or unduly burdensome, please produce those documents that are not believed to be overly broad and unduly burdensome and state with specificity those documents to which an overly broad or unduly burdensome objection is subject.

20. All Requests for Admission that are not denied or objected to within thirty (30) days of service are deemed admitted.

21. You may respond to all Requests for Admission by either admitting, denying, or objecting to the Request. If the Request cannot be admitted or denied, you must support the inability to admit or deny with specific rationale, including citations to legal authority forming the basis for the inability to admit or deny.

## DEFINITIONS

1. 'Allmine' refers to Alline, Inc., a Defendant in the Lawsuit.

2. 'Any and All' shall mean without limitation.

3. 'BCU1525' refers to the product that was the subject of the Transactions that Plaintiff ordered from Squirrels and Allmine.

4. 'Communication' means Any and All direct correspondence, verbal or written.

5. 'Amended Complaint' refers to the pleading filed in the Lawsuit on or around March 29, 2024.

6. 'David Stanfill' or 'Mr. Stanfill' refers to the individual who upon information and belief was the President and CEO of Squirrels, LLC at all times relevant to the Lawsuit.

7. 'Document' or 'Documents' refer to all paper material of any kind, whether typed, written printed, punched, filmed, or marked in any way; recording tape or wires, film, photographs, movies or any graphic matter however produced or reproduced; all mechanical or electronic sound recordings or transcripts thereof and all computer data processing material.

8. 'Identify' when used in reference to a Document means to state:

   a. The identity of the person who prepared the Document

   b. The identity of the person who signed the Document

    c.  The identity of the person to whom the Document is addressed

    d.  The nature and substance of the Document with sufficient particularity to enable it to be identified

    e.  The date of the Document

    f.  The physical location of the Document throughout the entirety of the Document's existence

9. 'Identify' when used in reference to an individual means to state the name, address, telephone number, employer, and job title of that individual.

10. 'Identify' when used in reference to a corporate entity means to state the full name of that corporate entity.

11. 'Jessica Gritzan' refers to an individual who upon information and belief was employed by Squirrels at all times relevant to the Transactions and who communicated with Plaintiff regarding the Transactions.

12. "Lawsuit" refers to Federal District Court, Northern District of Ohio case no. 22-cv-01454.

13. 'Plaintiff' refers to Plaintiff Carl Forsell, an individual who does business as 'Nonce Pte., Ltd.'

14. 'SQRL' refers to the entity known as Squirrels Research Labs, LLC.

15. 'Squirrels' refers to Defendant Squirrels, LLC, a Defendant in the Lawsuit.

16. 'State' means to express definitely and clearly so to be substantively responsive to the Discovery Request.

17. 'Transactions' refer to the orders placed by Plaintiff to Squirrels and Allmine that are the subject of the Lawsuit and identified by Exhibits A-J of the Amended Complaint.

18. 'True and Genuine copy' means the original document, if available, or a verifiably authenticated copy of the requested document.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please Identify the person or persons responding to, or assisting in the response to Plaintiff's First Combined Set of Written Discovery.

    Answer 1:

**INTERROGATORY NO. 2:** Please Identify Any and All witnesses that Squirrels intends to call at trial, or any other hearing set in this matter.

    Answer 2:

**<u>INTERROGATORY NO. 3:</u>** Please Identify Any and All exhibits that Squirrels intends to introduce at trial, or any other hearing set in this matter.

    <u>Answer 3:</u>

**<u>INTERROGATORY NO. 4:</u>** Please Identify Any and All individuals with knowledge of the subject matter of this Lawsuit.

    <u>Answer 4:</u>

**INTERROGATORY NO. 5:** Please Identify Any and All transactions between Squirrels and David Stanfill in which money and/or other currency was transferred from Squirrels to Mr. Stanfill for the period of June 7, 2018 through the date of the Responses to these Discovery Requests.

    <u>Answer 5:</u>

**INTERROGATORY NO. 6:** For each transaction Identified in the Response to Interrogatory No. 5, please State a description of the transaction, or otherwise Identify the purpose of the monetary/currency transfer.

    <u>Answer 6:</u>

**INTERROGATORY NO. 7:** Please Identify Any and All transactions between Squirrels and Allmine in which money and/or other currency was transferred from Squirrels to Allmine or money and/or other currency was received by Squirrels from Allmine, as relevant to the Transactions, for the period of June 7, 2018 through the date of the Responses to these Discovery Requests.

Answer 7:

**INTERROGATORY NO. 8:** For each transaction Identified in the Response to Interrogatory No. 7, please State a description of the transaction, or otherwise Identify the purpose of the monetary/currency transfer.

Answer 8:

**INTERROGATORY NO. 9:** Please State the amount of money and/or other currency Squirrels received from Allmine as relevant to the Transactions from June 7, 2018 through the date of the Responses to these Discovery Requests.

Answer 9:

**INTERROGATORY NO. 10:** If the response to Request for Admission no. 4 is anything other than an unequivocal admission, please Identify the transactions in which Plaintiff wired or otherwise sent money and/or other currency to SQRL.

Answer 10:

**INTERROGATORY NO. 11:** If the response to Request for Admission no. 5 is anything other than an unequivocal admission, please Identify the BCU1525 product that was delivered to Plaintiff, including the dates of delivery and manner in which the BCU1525 product was delivered to Plaintiff.

    <u>Answer 11:</u>

**INTERROGATORY NO. 12:** If the Response to Request for Admission No. 6 is anything other than an unequivocal admission, please State the amount of money and/or other currency Squirrels has refunded Plaintiff as relevant to the Transactions.

    <u>Answer 12:</u>

**INTERROGATORY NO. 13:** Please Identify Jessica Gritzan's job titles and dates of employment during the timeframe in which she was employed by Squirrels.

Answer 13:

**INTERROGATORY NO. 14:** If the Response to Request for Admission No. 9 is anything other than an unequivocal admission, please explain why Jessica Gritzan, in an email dated April 3, 2019 sent to Plaintiff, stated that "our records indicate $744,373" when referencing the amount owed to Plaintiff. A true and accurate copy of the April 3, 2019 email is attached to the Amended Complaint as Exhibit L.

Answer 14:

**INTERROGATORY NO. 15:** If the Response to Request for Admission No. 10 is anything other than an unequivocal admission, please explain why Jessica Gritzan, in an email dated March 21, 2019 states that "in my email from the fall I mentioned being able to pay your refund back over time, $50,000/month." A true and accurate copy of the March 21, 2019 email is attached to these Discovery Requests as 'Exhibit A'.

    Answer 15:

**INTERROGATORY NO. 16:** If the Response to Request for Admission No. 10 is anything other than an unequivocal admission, please explain why David Stanfill, in a message dated February 24, 2020, states that it is "our full intention to find a way to repay this amount" when referencing the amount owed to Plaintiff. A true and accurate copy of the February 24, 2020 message is attached to these Discovery Requests as 'Exhibit B'.

    Answer 16:

**INTERROGATORY NO. 17:** Please Identify the date in which SQRL received its first bank

deposit.

    <u>Answer 17:</u>

**INTERROGATORY NO. 18:** Please Identify Any and All individuals who received a refund

from Squirrels following Any and All orders placed with Squirrels and/or Allmine in June 2018.

    <u>Answer 18:</u>

**INTERROGATORY NO. 19:** Please State Squirrels' gross revenue for the fiscal years 2019, 2020, 2021, 2022 and 2023

    Answer 19:

**INTERROGATORY NO. 20:** If the Response to Request for Admission no. 15 is anything other than an unequivocal admission, please Identify the author of the February 24, 2020 message to Plaintiff, a true and accurate copy of which is attached to these Discovery Requests as 'Exhibit B.'

    Answer 20:

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** On June 18, 2018, in response to Invoice no. 00002860, Plaintiff wired a total of $67,000 to Squirrels to complete an order for the BCU1525 product. A true and accurate copy of Invoice no. 00002860 is attached to the Amended Complaint as Exhibit H.

Response:

**REQUEST FOR ADMISSION NO. 2:** On June 18, 2018, in response to invoice no. 00002865, Plaintiff wired a total of $63,500 to Squirrel to complete an order for the BCU1525 product. A true and accurate copy of Invoice no. 00002865 is attached to the Amended Complaint as Exhibit I.

Response:

**REQUEST FOR ADMISSION NO. 3:**  On June 28, 2018, in response to Invoice no. 00002981, Plaintiff wired a total of $167,500 to Squirrels to complete an order for the BCU1525 product. A true and accurate copy of Invoice no. 00002981 is attached to the Amended Complaint as Exhibit J.

Response:

**REQUEST FOR ADMISSION NO. 4:** Plaintiff did not wire or otherwise pay money and/or other currency to SQRL as part of the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 5:** Squirrels did not send Plaintiff the BCU1525 product contemplated by the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 6:** Squirrels has not refunded Plaintiff any money and/or other currency paid as relevant to the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 7:** Plaintiff had the right to request a refund of the money and/or other currency paid as part of the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 8:** Jessica Gritzan was employed by Squirrels on April 3, 2019

Response:

**REQUEST FOR ADMISSION NO. 9:** Squirrels agreed that Plaintiff is owed $774,373.60 as relevant to the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 10:** Squirrels offered to pay Plaintiff the sum of $50,000 per month in the Fall of 2018 as repayment of the amount paid by Plaintiff as relevant to the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 11:** Invoice no. 00002860 identified in Paragraph 18 of the Amended Complaint was issued by Squirrels on Squirrels letterhead.

Response:

**REQUEST FOR ADMISSION NO. 12:** Invoice no. 00002865 identified in Paragraph 19 of the Amended Complaint was issued by Squirrels on Squirrels letterhead.

Response:

**REQUEST FOR ADMISSION NO. 13:** Invoice no. 00002981 identified in Paragraph 20 of the Amended Complaint was issued by Squirrels on Squirrels letterhead.

Response:

**REQUEST FOR ADMISSION NO. 14:** Squirrels received money and/or other currency from Allmine as relevant to the Transactions.

Response:

**REQUEST FOR ADMISSION NO. 15:** David Stanfill is the author of a February 24, 2020 message to Plaintiff, a true and accurate copy of which is attached to these Discovery Requests as 'Exhibit B.'

Response:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** True and Genuine copies of Any and All Documents that Squirrels intends to introduce as exhibits at trial or any other hearing scheduled in the Lawsuit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:** True and Genuine copies of Any and All Communications between Squirrels and Allmine relating to the Transactions.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:** True and Genuine copies of Any and All agreements between Squirrels and Allmine relating to the Transactions.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:** True and Genuine copies of Any and All Documents, including but not limited to bank account statements and/or other financial institution and currency based account statements evidencing the transactions identified in the Response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:** True and Genuine copies of Any and All Documents, including but not limited to bank account statements and/or other financial institution and currency based account statements evidencing the transactions identified in the Response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 6:** True and Genuine copies of Any and All agreements between Squirrels and SQRL.

**VERIFICATION**

State of_____

County of_____ : SS

BEFORE ME the undersigned authority, an officer duly authorized to administer oaths and take

acknowledgement, this day personally appeared_____ who is known to me to

be the person or persons described herein and who executed the forgoing instrument, who

acknowledged before me that he/she executed the same, that I relied upon the following

form/forms of identification of the above-named person or persons:

WITNESS my hand of seal in the County and State last aforesaid, this _____ day of

_____, 2024.


                                                            _____


                                         Notary Public, State of_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 18th day of April 2024, the forgoing Requests

for Written Discovery was served via electronic mail and/or ordinary US mail upon the

following:

Jack Cooper, Esq.
Milligan Pusateri Co., LPA
4684 Douglas Circle NW
Canton, OH 44735
*Attorney for Defendant Squirrels, LLC*

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (OBN 0087865)

# EXHIBIT A

       Gmail - BCU 1525 Refund Request

I find quite puzzling her remark that the cards I ordered remain even now as "inventory on the shelf". I remember very clearly you or David announcing on the discord in August that refunds would be processed as soon as Xilinx in turn refunded you. As they were legally obligated to do so, there would have been no question of you having to take delivery of the boards I had ordered. Has Jessica perhaps forgotten that I asked for my refund very early on, long before Xilinx had started shipping?

I'd appreciate your thoughts on this, and the rest of her email.

Best,

Carl

---------- Forwarded message ---------
From: **Jessica Gritzan** <jessica@airsquirrels.com>
Date: Fri, 22 Mar 2019 at 02:00
Subject: Re: BCU1525 Refund Request
To: frsl@ftml.net <frsl@ftml.net>

Hi Carl,

I had reached out last fall. Your inventory remains on our shelf. In my email from the fall I mentioned being able to pay your refund back over time, $50,000/month. We're unable to pay the entire amount due at this time but would like to work something out with you.

Additionally, our records are not consistent with what you show outstanding. We will have to do an audit on our end.

Best,

Jessica Gritzan

Squirrels LLC | SQRL

1.855.207.0927 x 7003

[Quoted text hidden]

---

**Tom Sensel** <tom@sense-it.co>      30 March 2019 at 04:39
To: Karl-Leng Forsell <frsl@ftml.net>

Yes, they should have been processed then. I don't have any insight into the inner financial workings of SQRL. I'm not sure what's going on.

I'll get with Jessica and perform the audit. I have all the records here.
[Quoted text hidden]

# EXHIBIT B



# GPUHoarder

This is the beginning of your direct message history with @GPUHoarder.

No servers in common    Friend request sent    Block

**GPUHoarder** cell 21/02/2020
Hi David, Carl Forsell here. I am still waiting on the refund that was agreed to in August 2018 for my order of 8CU-1525 boards.

I have not been able to get a reply since April last year from you or Jessica on your airsquirrels.com email addresses.

This has been disappointing, as immediately prior to this Jessica had reconciled my account and was finally able to correctly confirm in writing the amount I had sent to pay for the unshipped pre-orders.

I was optimistic at the time that we would soon be able to move forward with a resolution of this matter. Ten more months have since passed, and I have heard nothing further from SQRL.

I have not pursued this matter as actively as I have been unwell and out of action for most of last year. I hope you're not under the mistaken impression that I'm unconcerned. The money in question is not a small amount for me, and is certainly sufficient to make it worth the expense of seeking legal redress, once it's again feasible for me to travel personally to the US to do so.

Please instead get in touch with me soon so we can discuss how to resolve this amicably. Feel free to email me at frsl@ftml.net or call me on +6596383964 (although note that I'm on UTC+8).

Best, Carl

24 February 2020

**GPUHoarder** 21/02/2020
Carl, I am acknowledging this message. We had not heard any thing for quite some time after Jessica presented the offer to make payments to you towards the open balance last year. Unfortunately we have had a very hard 12 months since Xilinx delay which ended in $4M or debt for us from which we still have not fully recovered - however we are beginning to recover. It is certainly our full intention to find a way to repay this amount, even though the purchase was set to be non cancelable and not returnable in the beginning - which has hurt us quite a bit. I would also again if you would consider taking hardware shipped or a stake in the hardware in our planned mining operation, which we were able to bank finance the equipment for. We have both Xilinx 35P boards and new intel boards, all capable of mining Ethereum as well as other coins