# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CARL FORSELL<br>d/b/a NONCE PTE., LTD, | : Case No. 5:22-cv-01454-SL<br>:<br>: |
| Plaintiff, | : JUDGE SARA LIOI<br>: |
| -v- | : MAGISTRATE JUDGE HENDERSON<br>: |
| SQUIRRELS, LLC., et al., | :<br>: |
| Defendants. | |

## PLAINTIFF CARL FORSELL, D/B/A NONCE PTE., LTD'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT SQUIRRELS, LLC

Plaintiff Carl Forsell, d/b/a Nonce PTE, Ltd., by and through undersigned and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby respectfully serve the following Requests for Production of Documents on Defendants Squirrels, LLC and David Stanfill to be produced within thirty (30) days of service.

Defendants may mail true and accurate copies of all documents responsive to the Requests for Production to undersigned at the below address. Alternatively, Defendants may scan and email said documents to undersigned. Defendants are under a continuing duty to supplement its responses as further information or documents become available to it.

### INSTRUCTIONS

1. All requested information that is reasonably calculated to lead to the discovery of admissible evidence and which is in the possession of the Defendants, their attorneys, investigators, agents, employees, or other representatives shall be divulged.

2. The identification of any Document should be with sufficient particularity to meet the requirements for its inclusion in a Request for Production of Documents, pursuant to Fed. Civ. R. 34.

3. As used herein, the singular shall include the plural and the plural shall include the singular.

4. Pursuant to Rule 26 (E) of the Federal Rules of Civil Procedure, please comply with the continuing duty to supplement all responses throughout the course of this Lawsuit.

5. No demand for production should be interpreted as an implicit or explicit restriction on any other demand. If still in existence, original documents should be produced and if not, any copies in existence should be produced.

6. All requested documents are to be produced which are in the possession of Defendants, their attorneys, brokers, investigators, agents, employees, or other representatives. Documents shall be produced as they are kept in the usual course of business.

7. For requested documents no longer in possession of Defendants or their aforementioned representatives, with respect to each such document; describe the nature of the document; state the date of the execution of the document; identify the persons who sent and

received the original and copies of the document; state in as much detail as possible the contents of the document; and state the manner and date of disposition of the document.

8. If any document requested cannot be produced in full, please produce the document to the extent possible and specify in writing the reasons for the inability to produce the document in its entirety.

9. If the production of any Document is objected to on the grounds that it is privileged or subject to the attorney work product doctrine, please state the nature of the privilege or doctrine to which Defendants claim are applicable, including citations to legal authority forming the basis for said privilege or doctrine. A 'privilege log' identifying the document, its date, its author, and the recipient(s) of the Document shall be produced in lieu of the actual Document.

10. If any of the information requested is objected to on the grounds that the information requested is overly broad or unduly burdensome, please produce those documents that are not believed to be overly broad and unduly burdensome and state with specificity those documents to which an overly broad or unduly burdensome objection is subject.

## DEFINITIONS

1. 'Account Statements' refer to documents setting forth the transaction history of the financial institution account identified in the Request for Production by the last 4 digits of the account number.

2. 'Any and All' shall mean without limitation.

3. 'David Stanfill' or 'Mr. Stanfill' refers to the individual who upon information and belief was the President and CEO of Squirrels, LLC at all times relevant to the Lawsuit.

4. 'Squirrels' refers to Defendant Squirrels, LLC, a Defendant in the Lawsuit.

5. 'True and Genuine copy' means the original document, if available, or a verifiably authenticated copy of the requested document.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:** True and Genuine copies of Any and All Account Statements from a JP Morgan Chase bank account in the name of Squirrels and with an account number ending in 0217 in which transfers were made from Squirrels to Mr. Stanfill for the period of June 2018 through the date of service of this Request for Production.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of September 2024, the forgoing Requests for Written Discovery was served via electronic mail and/or ordinary US mail upon the following:

Jack Cooper, Esq.
Milligan Pusateri Co., LPA
4684 Douglas Circle NW
Canton, OH 44735
*Attorney for Defendants Squirrels, LLC and David Stanfill*

/s/- Thomas L. Sooy
Thomas L. Sooy, Esq. (OBN 0087865)