**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL FORSELL, | ) | CASE NO. 5:22-CV-01454-CEH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| SQUIRRELS, LLC,  ALLMINE, INC., | ) | |
| DAVID STANFILL, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant, | ) | **& ORDER  and JUDGMENT** |

## I.  Introduction

This matter is before the Court on Defendant David Stanfill's ("Stanfill") motion to dismiss Plaintiff's amended complaint against him. (ECF No. 33). Despite the Court allowing additional time for Plaintiff Carl Forsell ("Forsell") to respond to Stanfill's motion to dismiss, he has not opposed the motion. Because Forsell's claim against Stanfill for fraudulent transfer is barred by the statute of limitations the Court GRANTS Defendant Stanfill's motion to dismiss.

## II.  Background[1]

As this Order resolves a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the following facts contained in the Amended Complaint. *See*

---

[1] Much of the background of the matter is unnecessary for determining this issue. Accordingly, the Court includes only the background necessary for resolving the pending motion.

1

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (In addressing a motion to dismiss under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]"). Between June 7, 2018, and June 28, 2018, Forsell placed several orders with Defendants Squirrels and Allmine for cryptocurrency mining computer components made by Squirrels Research Labs, LLC ("SQRL").[2] Throughout these transactions, Forsell paid a total of $774,373.60 between Allmine and Squirrels for the components. (ECF No. 32 at ⁋ 10-20).

On August 6, 2018, Squirrels announced that because of supply constraints, shipments of all product units could be delayed until at least the end of 2018. (ECF No. 32 at ⁋ 21). On August 14, 2018, Forsell requested, through Allmine, that Squirrels cancel his orders and refund his money. (*Id*.). On August 17, 2018, Forsell's request was accepted in writing. (*Id*. at ⁋ 22). But Squirrels failed to refund Forsell for his cancelled orders and/or to ship the product units that Forsell had previously ordered. (*Id*. at ⁋ 23). On April 9, 2019, Forsell and Squirrels agreed on the refund amount of $774,373.60 for the cancelled orders. (*Id*. at ⁋ 23). Forsell has still not been refunded for the total amount due to him, despite Squirrels' agreement of the owed amount. (*Id*.).

### III. Procedural Background

On August 15, 2022, Forsell brought a complaint against Defendants Squirrels and Allmine in the United States District Court for the Northern District of Ohio alleging claims for breach of contract and unjust enrichment. (ECF No. 1). Forsell filed an amended complaint on March 29, 2024, adding Stanfill as a defendant and adding a claim for fraudulent transfer against Stanfill.

---

[2] SQRL is not a party here. Forsell alleges that Defendants Squirrels and Allmine entered into a joint venture regarding the fulfillment of orders involving the SQRL components. (ECF No. 32 at ⁋ 10).

(ECF No. 32 at 10). Stanfill was the President and CEO of Squirrels during the relevant period. (ECF No. 32 at ¶ 45). Forsell alleged that Stanfill fraudulently transferred money from Squirrels to himself in violation of Ohio Rev. Code § 1336.04(A)(1), Ohio Rev. Code § 1336.05, or both, and that Defendants owe Forsell $774,373.60 jointly and severally. (ECF No. 32 at 13).

On April 1, 2024, Stanfill moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 33 at 1). On May 1, 2024, Forsell requested another sixty days to oppose the motion to dismiss to allow time for the parties to mediate through the Court's ADR program prior to further briefing. (ECF No. 43). This Court granted the motion. Soon after, because of an unforeseen conflict, the designated mediator was removed, and the Court referred the matter to Magistrate Judge Darrell A. Clay for mediation. (ECF No. 44). On June 10, 2024, Forsell moved to continue mediation until September 3, 2024. (ECF No. 47). The granted the motion to continue mediation on June 11, 2024. (*See* June 11, 2024, non-document Order). On July 15, 2024, the Court notified Forsell that his response to Stanfill's motion to dismiss, should one be necessary following mediation, would be due October 3, 2024. (*See* July 15, 2024, non-document Order). Forsell did not respond to the motion to dismiss on October 3, 2024. Instead, Forsell asked the Court to hold the pending motion in abeyance pending discovery or, in the alternative, to dismiss the claim against Stanfill *without* prejudice. (ECF No. 53). The Court denied Forsell's motion but sua sponte extended his deadline to respond to the pending motion to dismiss until October 18, 2024. (*See* October 4, 2024, non-document Order). Forsell did not respond to the motion to dismiss.

## IV. Standard of Review

When considering a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded factual allegations as true, and examine[s]

whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The motion may be granted only if the moving party is "clearly entitled to judgment." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft*, 556 U.S. at 678).

"Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia,* L.L.C., 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). "However, dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Id.* "'Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run,' and '[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations.'" *Id.* (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001); *see also Evans v. S. Ohio Med. Ctr.*, 103 Ohio App.3d 250, 659 N.E.2d 326, 329 (1995) ("The bar of the statute of limitations is an affirmative defense ... upon which the defendant bears the burden of proof at trial.").).

Stanfill argues that: Forsell's fraudulent transfer claim is barred by the statute of limitations; Forsell failed to plead his actual intent claim with particularity; and the amended complaint does not relate back to the date of filing. Forsell did not respond to Stanfill's motion to dismiss. For the reasons below, this Court agrees that the fraudulent transfer claim in the Amended Complaint does not relate back to the filing of the original complaint and that the claim is barred by the statute of limitations.

4

**V. Forsell's fraudulent transfer claim against Stanfill is barred by the statute of limitations.**

    **A. Forsell asserted his claim against Stanfill in the Amended Complaint filed on March 29, 2024, and the Amended Complaint does not relate back to the date of the filing of the original complaint.**

Forsell's Amended Complaint adds Stanfill as a defendant and adds the claim of fraudulent transfer in violation of Ohio Rev. Code §1336, Ohio's Uniform Fraudulent Transfer Act ("UFTA"). Stanfill argues that "Rule 15(C) does not allow for the amendment of pleadings to relate back when a plaintiff is attempting to add a new party defendant." (ECF No. 33 at 11). Forsell did not respond to Stanfill's argument.

Whether an amended complaint relates back to the original date of filing is controlled by Federal Rule of Civil Procedure 15(c). Federal Rule of Civil Procedure 15(c) provides:

(c) Relation Back of Amendments.

    (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

    * * *

        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

        (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

            (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

            (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). "In the Sixth Circuit, courts interpret Rule 15(c)(1)(C) 'strictly.'" *McKernan v. City of Seven Hills*, No. 1:20-CV-00032-PAB, 2023 WL 2787945, at *5 (N.D. Ohio

Apr. 5, 2023) (quoting *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 435 (6th Cir. 2013)); *North v. Cnty. of Cuyahoga*, 2017 WL 3065502, at *8 (N.D. Ohio July 19, 2017).

Although Forsell's fraudulent transfer claim arose out of the same transaction or occurrence as the claims set forth in his initial complaint, (Fed. R. Civ. P. 15(c)(1)(B)), the Amended Complaint also added a new party – Stanfill – as a defendant. Rule 15 states that amendments adding a party relate back to the date of the original filing where there was a mistake in the identity of the named party. Fed. R. Civ. P. 15(c)(1)(C)(ii).

"[T]he term 'mistake' as used in Rule 15(c)(1)(C)(ii) means an actual mistake." *Peroli v. Cnty. of Medina*, No. 1:19CV1755, 2020 WL 2405354, at *6 (N.D. Ohio May 12, 2020), *aff'd sub nom. Peroli v. Huber*, No. 21-3202, 2021 WL 5411215 (6th Cir. Nov. 19, 2021) (citing *Brown*, 517 Fed. Appx. at 435; *North*, 2017 WL 3065502, at * 8). As the Sixth Circuit has explained, this understanding of the Rule prevents "eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations." *Brown*, 517 Fed. Appx. at 435 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). "The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unnamed Defendants' or other missing appellations." *Id.* "Though this bright-line rule may bar some cases where a justification for the delay exists, equitable tolling should serve as an adequate safety valve for those plaintiffs with good excuses." *Id.*

In any event, there is no evidence that Forsell failed to name Stanfill as a defendant in the original complaint based on any mistake. Forsell did not change the party or the naming of the party due to mistaken identification, as allowed under the Rule, but, in fact, added a new party, which is not allowed under the Rule. *McKernan*, 2023 WL 2787945, at *5. Accordingly, the

amendment adding Stanfill as a defendant does not relate back to the date of the original complaint under Rule 15.

Because the Amended Complaint does not relate back to the date of the filing of the original complaint, Forsell raised his claim against Stanfill on March 29, 2024.

### B.  Forsell did not assert his fraudulent transfer claim against Stanfill within the applicable statute of limitations.

Forsell's Amended Complaint asserts a claim against Stanfill under Ohio's UFTA. (ECF No. 32). Sections 1336.04 and 1336.05 of the Ohio Revised Code establish elements for actually fraudulent transfers (Ohio Rev. Code § 1336.04(A)(1)), constructively fraudulent transfers (Ohio Rev. Code § 1336.04(A)(2) and § 1336.05(A)), and insider transfers (Ohio Rev. Code § 1336.05(B)). Forsell pleads elements of all three, including certain relevant factors relative to actual intent, *see* Ohio Rev. Code § 1336.04(B), the transferor's insolvency, lack of consideration and the insider status of the transferee, *see* Ohio Rev. Code § 1336.01(G). (ECF No. 32 at ¶ 45-53). The Amended Complaint alleges that transfers were made by Defendant Squirrels to Defendant Stanfill but does not include the amount(s) of the transfer(s) or date(s) of the alleged transfer(s).

Under the Ohio UFTA, a claim alleging an actually or constructively fraudulent transfer is permitted up to four years after the date upon which such qualifying transfer occurs. *See In re Blackmar*, No. 20-31036, 2021 WL 2604665, at *4 (Bankr. N.D. Ohio June 24, 2021); Ohio Rev. Code § 1336.09(A) and (B).[3] A claim alleging an insider transfer, however, is only permitted up

---

[3] Ohio Rev. Code § 1336.09 provides that:

to one year after the date upon which such qualifying transfer occurs. *See* Ohio Rev. Code § 1336.09(C).

Forsell's Amended Complaint contends that the transfers occurred "shortly after the transactions subject to the lawsuit[.]" (ECF No. 32 at ⁋ 54). The transactions at issue in this lawsuit occurred in June 2018. (*Id.* at ⁋ 11-20). Accordingly, although Forsell specifies neither the amounts nor the dates of the alleged fraudulent transactions, Forsell admits that such alleged transfers occurred "shortly after" June 2018. Forsell filed the Amended Complaint alleging the fraudulent transaction claim against Stanfill on March 29, 2024. (ECF No. 32). Thus, any claim for relief for an actually fraudulent or constructively fraudulent transaction made before March 29, 2020, is extinguished. Ohio Rev. Code § 1336.09(A) and (B). Any claim for relief for insider transfer made before March 29, 2023, is also extinguished. Ohio Rev. Code § 1336.09(C).

---

A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:

(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;

(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section 1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;

(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred.

Ohio Rev. Code § 1336.09.

The Amended Complaint does not contend that any transfers were made within the four-year reach-back period of Ohio Rev. Code § 1336.09(A) and (B) or the one-ear reach-back period of Ohio Rev. Code § 1336.09(C). (*See* ECF No. 32). Forsell also made no attempt to show that any transfers were made within the relevant reach-back periods in response to Stanfill's motion to dismiss. Accordingly, Forsell's fraudulent transfer claim against Stanfill is barred by Ohio's statute of limitations, Ohio Rev. Code § 1336.09.

### C. The one-year discovery rule in Ohio Revised Code does not apply to Forsell's actually fraudulent transfer claim.

The latter part of Ohio Rev. Code § 1336.09(A) contains a discovery rule that allows a defrauded party to bring a claim for actually fraudulent transfer within one year from when a transfer's fraudulent nature is discovered or reasonably could be discovered. *In re Fair Fin. Co*., 834 F.3d 651, 673 (6th Cir. 2016); *Est. of Cruz v. Peffley*, 2023-Ohio-2081, ¶ 63, 218 N.E.3d 1021, 1039 ("Plaintiffs needed to know of both the transfers and their likely fraudulent nature before the one-year period began to run.").

This exception to the four-year limitations period does not apply here. "A party 'who seeks to rely on 'the discovery rule[,]' [however, must] affirmatively and particularly plead the date of discovery, as a material averment ..., or face dismissal of the [claim].' " *Fitness Quest Inc. v. Monti*, No. 5:06CV2691, 2012 WL 3587491, at *4 (N.D. Ohio Aug. 20, 2012), *abrogated on other grounds by In re Fair Fin. Co.*, 834 F.3d 651, (quoting *Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 886 (S.D. Ohio 1981) (citing Fed. R. Civ. P. 9(b)) (dismissing complaint alleging fraudulent conveyance in violation of § 1336.04 filed more than four years after the conveyance occurred where plaintiff did not affirmatively plead delayed discovery of the fraud or provide a date of discovery)). The Amended Complaint did not provide any factual statements regarding

when the allegedly fraudulent transactions were made or discovered, nor any statements explaining the cause of any possible delayed discovery.

Accordingly, the "discovery rule" in Ohio Rev. Code § 1336.09(A) does not apply.

## VI. Conclusion

For these reasons, the Court GRANTS Defendant Stanfill's motion to dismiss with prejudice. (ECF No. 33). The sole claim against Defendant Stanfill having been dismissed, the Court hereby enters judgment in his favor on the Amended Complaint. All claims against the non-moving defendants remain.

IT IS SO ORDERED.

Dated: November 19, 2024

*s/ Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE