UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CARL FORSELL** )<br>)<br>) | |
| ) | Case No: 22-cv-01454 |
| ) | |
| ) | Judge: Lioi |
| **Plaintiff,** ) | |
| vs. ) | Magistrate Judge: Henderson |
| **SQUIRRELS, LLC, et al.** )<br>) | |
| **Defendants.** | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. Civ. R. 56(a), Plaintiff, Carl Forsell (hereinafter 'Mr. Forsell'), hereby respectfully request that this Court enter summary judgment against Defendant Squirrels, LLC (hereinafter 'Squirrels') on his claims for breach of contract and unjust enrichment. There exists no genuine issue of material fact that Mr. Forsell paid for goods that were not delivered; and that he did not receive a refund of the amount paid, despite Squirrels' unequivocal agreement to provide the same. The facts, circumstances, and legal authority in support of this Motion are fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

/s/- Thomas L. Sooy

Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
Schuerger Law Group
1101 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com

*Attorneys for Plaintiff*

1

## MEMORANDUM IN SUPPORT

### I. FACTS AND PROCEDURAL HISTORY

The genesis of this action is a series of transactions from June 2018 in which Mr. Forsell ordered a product used in the mining of cryptocurrencies (hereinafter 'Transactions'). *See Affidavit of Carl Forsell,* at ¶2. The product, known as 'BCU 1525', was ordered through email communications with Defendants Squirrels, LLC (hereinafter 'Squirrels') and Allmine, Inc., doing business as 'FPGA Land' (hereinafter 'Allmine'). *See id.,* at ¶3; *See also Order Summaries, Invoices; and Wire Instructions,* attached as **Exhibit A**. He proceeded to pay for the product upon confirmation that the order would be fulfilled. *See id.* The transactions underlying this action are summarized below:

| **Date:** | **Order #** | **Amount paid by Forsell** |
|---|---|---|
| June 7, 2018 | 1121 | $14,530.64 (Allmine) |
| June 8, 2018 | 1174 | $14,530.64 (Allmine) |
| June 9, 2018 | 1247 | $36,224.06 (Allmine) |
| June 13, 2018 | 1395 | $36,224.06 (Allmine) |
| June 13, 2018 | 1405 | $187,973.09 (Allmine) |
| June 13, 2018 | 1406 | $108,410.80 (Allmine) |
| June 16, 2018 | 00002860 | $67,000 (Allmine) |
| June 17, 2018 | 00002865 | $63,650 **(Squirrels)** |
| June 18, 2018 | 1505 | $63,949.58 (Allmine) |

2

June 27, 2018          00002981          $167,500 **(Squirrels)**

Regarding these Transactions, the funds paid directly to Allmine were immediately transferred to Squirrels, as Allmine's relationship to Squirrels as relevant to the Transactions was one of agency. *See Allmine Wire Transfers to Squirrels, Jun. 2018,* attached as **Exhibit B**. In other words, as explained by Squirrels President and CEO David Stanfill, funds paid by Mr. Forsell as relevant to the Transactions were sent either directly to Squirrels, or indirectly to Squirrels, through Allmine. *See David Stanfill Deposition,* at p. 46-47, Apr. 13, 2022, attached as **Exhibit C.**[1]

On or around August 6, 2018, following Squirrels/Allmine's receipt of the aforementioned payments from Mr. Forsell, Squirrels announced that shipment of the product would be delayed. *See Forsell Affidavit,* at ¶4; *See also Press Release,* attached as **Exhibit D**. On August 14, 2018, Mr. Forsell responded to this announcement with a written cancellation of his orders and a request for a refund of the monies paid. *See id,* at ¶5; *See also Forsell Email to Squirrels, Aug. 14, 2018,* attached as **Exhibit E**. Mr. Forsell's cancellation and refund request was acknowledged and accepted by Squirrels on August 22, 2018. *See id.* Squirrels ultimately agreed that Mr. Forsell was owed a total of $774,373.60. *See id.,* at ¶6; *See also Jessica Gritzan Email Chain to Forsell and Spreadsheet, Apr. 3, 2019,* attached as **Exhibit F**. A monthly payment arrangement on the refund amount was offered by Squirrels. *See id.,* at Nov. 26, 2018 email.

---

[1] This deposition of the President and CEO of Squirrels, David Stanfill, was taken in the context of a Chapter 11 bankruptcy proceeding of a related, but distinct entity. *See In Re Squirrels Research Labs, LLC, N.D.O.H.,* case no. 21-61491.

3

Additionally, Squirrels' President and CEO David Stanfill admits the unrefunded dollar amount paid by Mr. Forsell. *See Stanfill Dep*, at p. 95. He also admits entitlement to a refund for those who purchased product in the June 2018 timeframe as Mr. Forsell did. *See id.*, at p. 96-100. Other purchasers were in fact given refunds. *See id.*, at p. 126-127.

Finally, Squirrels admits agreeing to the amount paid by Mr. Forsell as part of the Transactions that he did not receive back and admits agreeing to offer a monthly payment plan to refund Mr. Forsell. *See Def. Responses to Pl's Requests for Admission, May 15, 2024*, at ¶9, 10, attached as **Exhibit G²**. Mr. Forsell has not received a full refund for the Transactions subject to this action, despite the unequivocal representation that he was entitled to the same. *See Forsell Affidavit*, at ¶7. As admitted by Squirrels, he is owed $774,373.60. *See Jessica Gritzan Email Chain to Forsell and Spreadsheet, Apr. 3, 2019*; *See Def. Responses to Pl's Requests for Admission, May 15, 2024*, at ¶9.

As also admitted by Squirrels, the Transactions were not between Mr. Forsell and Squirrels Research Labs, LLC. *See Def. Responses to Pl's Request for Admission*, at ¶4. Squirrels Research Labs, LLC, the debtor in Northern District of Ohio Bankruptcy Court case no. 21-61491, did not exist from an accounting perspective at the time of the Transactions. *See Stanfill Dep.*, at p. 44-50. Squirrels Research Labs, LLC did not hold cash and did not have a bank account. *See id.* Therefore, the Squirrels Research Labs, LLC bankruptcy case that remains pending in the Northern District of Ohio is not relevant to this action.

---

[2] While Squirrels denies each of these Requests for Admission, its explanations in response are in fact unequivocal admissions that it agreed Mr. Forsell paid $774,373.60 for product that he did not receive and that Squirrels offered a payment plan to refund Mr. Forsell the money paid in the Transactions.

4

When attempts at voluntary resolution to obtain his agreed upon refund failed-despite the offering of a monthly payment arrangement- Mr. Forsell commenced this action on August 15, 2022. *See Pl's Complaint,* Aug. 15, 2022 [ECF 1]. Squirrels and Allmine, each through separate counsel, filed Answers to the Complaint.[3] *See Def. Squirrels Answer,* Dec. 2, 2022 [ECF 14]; *See also Def. Allmine Answer,* Jul. 5, 2023 [ECF 20]. Following a case management conference conducted on August 14, 2023, an Order was submitted setting initial dates in the case. *See Case Management Conference Order,* Aug. 14, 2023 [ECF 25].

Mr. Forsell filed an Amended Complaint on March 29, 2024, in which he attempts to add David Stanfill as a party defendant. *See Pl's Amended Complaint,* Mar. 29, 2024 [ECF 32]. A Motion to dismiss David Stanfill was well taken. *See Memorandum of Opinion & Order and Judgment,* Nov. 19, 2024, [ECF 54]. Mr. Forsell's claims remain pending against Squirrels and Allmine. *See id.* In conjunction with the filing of this Motion, Mr. Forsell is also requesting this Court dismiss Allmine as a party defendant. *See Motion for Partial Dismissal,* [ECF 57].

The parties also engaged in mediation, which unfortunately did not result in voluntary resolution of Mr. Forsell's claims against Squirrels.

Pursuant to the straight-forward fact pattern that Mr. Forsell paid for a product that he did not receive; and he was not refunded his money despite multiple admissions of his entitlement to the same, there exists no genuine issue of material fact for trial.

---

[3] Allmine initially filed a Motion to Dismiss that was not well taken. *See Def. Allmine Mot. to Dismiss,* Dec. 23, 2022 [ECF 15]; *See also Order on Mot. to Dismiss,* Jun. 20, 2023 [ECF 19].

## II. LEGAL ANALYSIS

### A. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Fed. R. Civ. P. 56(a)*. An order of summary judgment is required "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 US 317, 322 (1986).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Id.* When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts and instead must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 US 574, 586-87 (1986). The non-moving party cannot "rest upon the mere allegations or denials of his pleading." *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 247-48 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.,* at 587.

### B. Breach of Contract

Mr. Forsell's breach of contract claim is premised on the United Nations Convention on Contracts for the International Sale of Goods ('CISG'). *See Pl's Amended Complaint.* Importantly, the CISG "does not require contracts for sale to be concluded in writing, instead allowing a contract to be 'proved by any means.' *Miami Valley Paper, LLC v. Lebbing*

6

*Engineering & Consulting GMBH,* S.D. Ohio case no. 05-00702, Opinion and Order, (S.D. Ohio Mar. 26, 2009), quoting *CISG Art. 11*. There is no statute of frauds. *See id.*

"Under Ohio law, essential elements of a contract include: an offer, acceptance, the manifestation of mutual assent, and consideration (the bargained-for legal benefit or detriment)." *MSC Manufacturing, LLC v. Tenneco, Inc.,* N.D. Ohio case no. 22-1603, Memorandum Opinion, (N.D.Ohio Mar. 26, 2024), citing *Revere Plastic Sys., LLC v. Plastic Plate, LLC,* 509 F. Supp. 3d 986, 996 (N.D.Ohio 2020). "A purchase order constitutes an 'offer to buy goods for prompt or current shipment' and 'invit[es] acceptance by any manner and by any medium reasonable in the circumstances." *Id.,* quoting Ohio Revised Code §1302.09. "Generally, the submission of a purchase order is viewed as being an offer which may then be accepted or rejected by the seller." *Am. Bronze Corp. v. Streamway Prods.,* 8 Ohio App. 3d 223 (Ohio Ct. App. 1982).

Additionally, "a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." *MSC Manufacturing, LLC,* citing *Extreme Mach. & Fabricating, Inc. v. Avery Dennison Corp.,* 2016-Ohio-1058, at ¶23 (Ohio Ct. App. 2016) (quoting Ohio Revised Code §1302.07 (A)).

Here, the Order Summaries confirm Squirrels' offer of the product. *See Forsell Affidavit,* at ¶2, 3; *See also Order Summaries, Invoices, and Wire Transfers.* Mr. Forsell's payment for the product evidences his acceptance. *See id.* The price and quantity of the product is clearly set forth on the documentation, thus rendering the purchase agreements enforceable. *See id; See also MSC Manufacturing, LLC,* citing *Tubelite Co., Inc. v. Original Sign Studio, Inc.,* 176 Ohio App. 3d 241, 248 (Ohio Ct. App. 2008). For example, Order #1121 from June 7, 2018 contained the purchase of 4 VCU 1525-Blockchain Edition (with Mods), at a total price of $14,530.64. *See id.* Therefore, mutual assent was achieved.

Squirrels breached the parties' purchase agreements by failing to ship the product in a "prompt" manner, and by failing to ultimately refund Mr. Forsell the money paid, despite agreeing to do so. *Revere Plastic Sys., LLC*, quoting Ohio Revised Code §1302.09. Importantly, the funds paid by Mr. Forsell were either submitted to Squirrels directly (see Order # 00002865 and Order # 00002981), or indirectly through Allmine. *See Order Summaries, Invoices, and Wire Transfers; See also Allmine Wire Transfers to Squirrels, Jun. 2018; See also Stanfill Dep.*, at p. 46-47. There is no genuine issue of material fact as to Mr. Forsell's claim for breach of contract.

### C. Unjust enrichment

Mr. Forsell pleads unjust enrichment in the alternative to his breach of contract claim, as permitted by Ohio law. *See Hughes v. Oberholtzer*, 162 Ohio St. 330 (Ohio 1954). "In Ohio, a plaintiff must allege facts satisfying the following elements: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hobart Corporation, et al. v. Waste Management of Ohio, Inc., et al*, 758 F. 3d 757, 776 (6th Cir. 2014), citing *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 834 N.E. 2d 791, 799 (2005).

Here, Mr. Forsell confers a benefit upon Squirrels in the form of payment in excess of $750,000. *See Forsell Affidavit*, at ¶2, 3. Squirrels' receipt of the payment, both directly and indirectly, clearly establishes knowledge of that benefit as well as the fact that it is responsible for Mr. Forsell's detrimental position. *See Order Summaries, Invoices, and Wire Transfers; See also Allmine Wire Transfers to Squirrels, Jun. 2018; See also Hobart Corp.*, at 776, citing *United States Health Practices, Inc. v. Blake*, No. 00AP-1002, 2001 WL 277291, at *2 (Ohio Ct. App. Mar. 22, 2001). The retention of both the product subject to the Transactions as well as the funds paid by Mr. Forsell is unjust. Squirrels is aware of this injustice per its clear and consistent

8

representations, both to Mr. Forsell in real time and on the record in this proceeding and in the Squirrels Research Labs, LLC bankruptcy proceeding, that Mr. Forsell was due a refund. *See Forsell Affidavit,* at ¶6; *See also Jessica Gritzan Email Chain to Forsell and Spreadsheet, Apr. 3, 2019; See also Stanfill Dep,* at p. 95; *See also See Def. Responses to Pl's Requests for Admission,* May 15, 2024. There is no genuine issue of material fact as to Mr. Forsell's claim of unjust enrichment, plead in the alternative to his claim for breach of contract.

## III. CONCLUSION

Mr. Forsell purchased product from Squirrels. He submitted full payment for the product. Squirrels did not deliver the product and did not refund Mr. Forsell his money, despite agreeing to do so. This is a straight-forward collection case with no genuine issues of material fact for trial. Mr. Forsell respectfully requests this Court grant him judgment in the amount of $774,373.60- the amount Squirrels agreed to repay-as requested in the Amended Complaint.

Respectfully submitted,

/s/- Thomas L. Sooy

Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
Schuerger Law Group
1101 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com

*Attorneys for Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, the forgoing Motion was served via electronic mail and/or the Court's electronic filing system upon the following:

Jack B. Cooper, Esq
Milligan Pusateri Co., LPA
4684 Douglas Circle NW
Canton, OH 44735
*Attorney for Defendant Squirrels, LLC*

Christopher P. Finney, Esq.
Ashley Duckworth, Esq.
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Ste. 225
Cincinnati, OH 45245
*Attorneys for Defendant Allmine, Inc.*

/s/- Thomas L. Sooy, Esq.