UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CARL FORSELL,** | ) | CASE NO. 5:22-cv-01454-CEH |
| | ) | JUDGE LIOI |
| **Plaintiff,** | ) | |
| | ) | MAGISTRATE JUDGE HENDERSON |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION TO STRIKE** |
| **SQUIRRELS LLC, et al.** | ) | **PLAINTIFF'S EXHIBITS A AND B** |
| | ) | |
| **Defendants.** | ) | |

Defendant hereby moves to strike Plaintiff's Exhibits A and B filed with his Motion for Summary Judgment (Plaintiff's "Motion"). The grounds of this motion are that the documents have not been authenticated and therefore are not to be considered in deciding a motion for summary judgment. These grounds are more fully explained as follows.

Plaintiff filed his affidavit with his Motion. Following the affidavit in the filing sequence, Plaintiff filed Exhibits A through G. It is unclear whether those exhibits are intended as exhibits to the affidavit or to the motion. Regardless, the affidavit fails to authenticate the assorted documents comprising Exhibits A and B, and they are not otherwise authenticated in this matter.

Civil Rule 56(c)(1) limits the evidence that the Court can consider in deciding a motion for summary judgment. Specifically, the Court is limited to "**materials in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Id. (emphasis added). Unauthenticated documents are not admissible. *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 448 (6th Cir.2008)

In addition, Plaintiff's affidavit itself is curious in three ways that make it unreliable. First, Paragraph 3, the last paragraph on the first page, stops mid-sentence and does not continue on the

following page.  As a result, text is apparently omitted.  This means that either Plaintiff signed an affidavit with a different first page than what was filed (which should have contained a completed paragraph 3), or Plaintiff signed this affidavit in its incomplete form, with a non-sensical paragraph 3.  This would be concerning because Plaintiff swears in the affidavit that the statements it contains are true.  Yet, Paragraph 3 is obviously not true because it is incomplete.

A second curiosity is that pages two and three of the affidavit have headers confirming that they were purportedly signed via the DocuSign authentication system. Page one, however, which has missing text in paragraph three, contains no DocuSign insignia at the top.

Third, Plaintiff apparently attempts to authenticate certain exhibits other than A and B, but does not reference the exhibits by letter.   He simply says that a true and accurate copy of the documents is "attached as an exhibit."  For example, in paragraph 4 he says that "[a] true and accurate copy of a press release announcing the delay is attached as an Exhibit."  However, he does not say which exhibit contains the document, or whether the document is intended as an exhibit to the affidavit or to the Motion.  In the case of the press release it is easy to figure out that it is Exhibit D.  But the other documents attached are not as obvious.  Furthermore, nowhere in the affidavit does he appear to describe the documents attached as Exhibit A and B or even mention that those documents are attached as an exhibit.

Whatever the significance of these irregularities in the affidavit, there is no question that the affidavit does not attempt to authenticate the records in question. As such, Defendant moves to strike those records, i.e., Exhibits A and B, and asked that the Court not consider them in deciding Plaintiff's Motion.

                                            */s/ Jack B. Cooper*
                                            Jack B. Cooper (#0069321)
                                            Milligan Pusateri Co., LPA
                                            P.O. Box 35459
                                            4684 Douglas Circle N.W.
                                            Canton, Ohio 44735
                                            Phone: (234) 209-9793
                                            Fax: (330) 409-0249
                                            Email:  jcooper@milliganpusateri.com
                                            Counsel for Defendant Squirrels LLC

## PROOF OF SERVICE

      This will certify that a copy of the foregoing was served on the following by the method(s) indicated below, on April 3, 2025:

Thomas L. Sooy, Esq. (0087865)
James E. P. Sisto, Esq. (0020089)
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: 614-824-5731
FAX: 614-824-1120
tsooy@schuergerlaw.com
Attorneys for Plaintiff
By electronic mail only


Christopher P. Finney (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
(513) 943-6669 (fax)
chris@finneylawfirm.com
Counsel for Defendant Allmine, Inc.
By electronic mail only

                                            */s/ Jack B. Cooper*
                                            Jack B. Cooper (#0069321)