**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARL FORSELL, | ) | CASE NO. 5:22-CV-01454-CEH |
| | ) | |
| Plaintiff, | ) | |
| | ) | CARMEN E. HENDERSON |
| v. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| SQUIRRELS, LLC, | ) | |
| | ) | |
| Defendant, | ) | **TRIAL ORDER** |
| | ) | |

The Trial of this matter is scheduled to commence on December 5, 2025 at 9:00 AM in Courtroom 242, United States Court House, 125 Market Street, Youngstown, Ohio.  The Final Pretrial Conference is set for November 19, 2025 at 10:00 AM, in Courtroom 242, United States Court House, 125 Market Street, Youngstown, Ohio.

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

1. **Final Pretrial**

**Counsel, anyone with full settlement authority, and clients** must attend the final pretrial unless prior approval of their absence is received.

Counsel shall meet at least **ten (10) days** prior to the final pretrial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties shall electronically file a **joint stipulation and order** at least seven **(7) calendar days** prior to the date of the final pretrial conference. The form of this order is attached hereto as

1

Appendix A. The parties shall include preliminary witness and exhibit lists in the format of Appendices B and C with their joint stipulation and order.

2. **Trial**

   a. **General**

   The Court has set this matter for a jury trial on December 5, 2025 before Magistrate Judge Carmen E. Henderson. The trial day will begin promptly at **9:00 a.m.** and will conclude at approximately **4:00 p.m.** with adjournment for a lunch break as determined by the Court. Counsel should appear at least 30 minutes before trial time. Jury selection will occur on the first day scheduled. Unless otherwise determined, opening statements will take place on the second day of trial.

   b. **Trial Motions**

   Except as otherwise provided herein or ordered by the Court, parties shall file all trial-related motions, including but not limited to motions *in limine*, **fourteen (14) calendar days before the final pretrial conference.** Responses to any trial-related motions are due no later than **seven (7) calendar days after the filing of the motion.** No replies will be permitted unless ordered by the Court.

   Motions not filed in accordance with this Order may be summarily dismissed as being filed out of order.

   c. **Stipulations of Fact and Preliminary Statements**

   Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented to the jury at the beginning of the trial. The final stipulations should include, but not be limited to, any uncontroverted facts submitted by the parties in their Proposed Stipulation and Order filed with the Court prior to the final pretrial conference.

*See* Section 1 above.  Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute.  Said stipulations shall be signed jointly and filed with the Court **no later than fourteen (14) calendar days before the trial date.**

Counsel shall also prepare and submit a **Joint Preliminary Statement** (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner, which may be used by the Court either during *voir dire* or at the time the jury is impaneled to set the context of the trial.  The **Joint Preliminary Statement** shall be filed **no later than seven (7) calendar days prior to the final pretrial conference date**.

    d.    **Witness and exhibit lists**

The Parties shall comply with Fed. R. Civ. P. 26 regarding disclosure of witnesses and exhibits that that parties may present at trial.  No witnesses or exhibits will be permitted unless disclosed to opposing counsel in accordance with Rule 26 or Order of this Court.

Counsel shall provide to the Court and opposing counsel witness lists (Appendix B) and exhibit lists (Appendix C) **no later than seven (7) calendar days prior to the trial date**. The lists shall provide a brief description and the purpose of each witness to be offered and shall list and briefly describe each item of documentary or physical evidence to be offered. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness. Witnesses not listed or provided before the trial starts shall not testify at trial and exhibits not listed shall not be introduced at trial absent a showing of good cause. This rule applies to lay witnesses as well as expert witnesses.

    e.    **Exhibits**

All exhibits must be marked before trial in accordance with Local Civil Rule 39.1 except as otherwise noted. The Court is using new technology to facilitate the viewing of exhibits by

jurors. Each party must submit all exhibits on a single USB drive. A separate USB drive should be provided for the Plaintiff's Exhibits, Defendant's Exhibits, and any Joint Exhibits. Each party must send the exhibits to Chambers in a manner that guarantees receipt of the exhibits by the 9:00 a.m. on the day of *voir dire* (the first day of trial).

The electronic copies of exhibits must be named using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>. The exhibit number MUST be a number. Exhibits with subparts can be so designated using a letter for the exhibit part. The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Examples of valid exhibit file names:

> 1-a_photograph.jpg
>
> 12_2009 Tax Statement.pdf
>
> 35d.pdf
>
> 12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to the court's Courtroom Technology Administrator, James Jones, at (216) 357-7052.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Plaintiff shall mark exhibits with numbers beginning with 1, and the defendant shall mark exhibits with numbers beginning with 1001. (e.g., "Pl. Ex. 1" and "Deft. Ex. 1001"). The case number shall also appear on the stickers. Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered. For example, if the

Plaintiff's exhibit 1 is a three-page document, the first page should be marked as Pl. Ex. 1-1, the second page marked Pl. Ex. 1-2, etc. If there are multiple defendants, the party's last name should precede the numbers or letters (e.g.,"Deft. Jones Ex. 1001"). Exhibit stickers are available from the Clerk on request.

**The morning of trial**, counsel shall submit to the Court **two (2) courtesy copies** of all proposed exhibits, contained in two separate three-ring loose-leaf binders/notebooks, along with an index (Appendix B) containing a brief description of each exhibit. There is no need to file the exhibits with the Clerk of Court. Rather, exhibits may be delivered directly to Magistrate Judge Henderson's chambers. The original exhibits should be retained by counsel for use at trial. Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) business days before the scheduled trial date.

If demonstrative evidence such as models or sketches, are to be used at trial, counsel shall exchange them no later than two (2) business days prior to the date of trial.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval. If the Court approves such a request, sufficient copies for each juror must be provided so all jurors may view the exhibit simultaneously. Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

    **f.**     **Use of Depositions as Evidence**

If the parties intend to use depositions as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read identified therein. As appropriate, an opportunity will be given to the opposing party to read any omitted portion into the record at trial. Parties will be notified at trial of rulings on all objections pertaining to the depositions.

Use at trial of videotape depositions is encouraged. The parties are specifically directed to comply with the provisions of LR 32.1. In addition, when videotape depositions will be presented in lieu of live trial testimony, counsel must file with the Court a complete written transcript of the videotape deposition prior to its use.

3. **Jury Trials**

   a. *Voir Dire*

The Court will generally conduct initial *voir dire* of the panel and of individual panel members. The Court may thereafter allow one counsel for each party to question briefly individual panel members on issues not addressed by the Court. The Court will discontinue questioning by counsel if questioning seeks to accomplish anything other than to elicit information regarding the panel member's background, biases, or suitability for service.

The Court will also accept proposed jury *voir dire* questions. Counsel may submit any such proposed questions no later than **seven (7) days** before the final pretrial. The Court may limit the number of proposed questions submitted by each side.

Counsel will exercise their juror strikes at sidebar immediately following *voir dire*. First, Plaintiff will present all motions to strike for cause; then, Defendant will present all motions to strike for cause. After the Court rules on these motions, counsel may exercise their peremptory strikes. Counsel may use any peremptory strike to remove any potential juror from the panel. The Court keeps a chart tracking which jurors would be seated at any given time. Jurors will not know why they were stricken, or by whom.

All challenges, including challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), are to be made during sidebar when counsel exercise their strikes, and the Court will rule upon these challenges outside the hearing of the jury. Challenges not made at this time are waived.

6

**b.     Jury Instructions and Interrogatories**

Counsel are required to provide complete jury instructions to the Court, including (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular claims, issues and defenses in the case; (3) any interrogatories; and (4) jury verdict forms.

Counsel shall exchange proposed jury instructions and interrogatories **no later than seven (7) calendar days prior to the final pretrial**.  Counsel shall then confer with one another regarding their respective proposals and make diligent efforts to reach agreement upon a set of joint jury instructions.

**No later than three (3) business days prior to the final pretrial**, **a single joint submission** shall be filed and delivered to the Court providing: (1) agreed upon instructions and interrogatories; (2) instructions and/or interrogatories proposed by plaintiffs but opposed by defendants; and (3) instructions and/or interrogatories proposed by defendants but opposed by plaintiffs. The joint submission shall be provided to the Court via email at Henderson_Chambers@ohnd.uscourts.gov as ***one document***, divided by the above-described sections and shall be in Word format.

Each proposed instruction shall be on a separate 8½" x 11" sheet of paper identified as "Joint/Plaintiff(s)/Defendant(s) Requested Instruction No. ___." All proposed instructions shall be supported by citations to legal authority. ***Any and all objections*** to proposed jury instructions must be accompanied by a statement or reasoning why the Court should not give such instruction. The objection must similarly be accompanied by citation to legal authority. A mere statement of "objection" is not sufficient and will not be considered.

**4.     Nonjury Trials**

For matters not submitted to a jury, the Court requires counsel to submit the following at least **seven (7) calendar days** before the standby trial period: a statement of the issues; proposed findings of fact; and proposed conclusions of law. The parties also must file any trial briefs no later than **seven (7) calendar days** before the trial.

The Court may order the parties to submit post-trial briefs. These briefs will be limited to specific issues designated by the Court during or after trial. The Court may permit counsel to file supplemental findings of fact and conclusions of law following trial. Parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

5. **Use of Electronic Courtroom**

Counsel shall submit a request to use the electronic courtroom no later than the Final Pretrial. Counsel is advised that the availability of the courtroom cannot be assured. Because mishaps can occur with the electronic equipment, counsel shall be prepared to proceed with trial without the use of the electronic equipment. The Court will not postpone trial in the event of an electronic equipment failure.

6. **Continuances**

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance endorsed in writing by all moving parties and their lead counsel of record. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.

**IT IS SO ORDERED.**

Dated: July 31, 2025

*CarmenHenderson*
Carmen E. Henderson
United States Magistrate Judge